United States Court of Appeals,

Eleventh Circuit.

No. 97-8299.

Sylvia CRAWFORD, Plaintiff-Appellant,

v.

Bruce BABBITT, Secretary of the Department of the Interior, Defendant-Appellee.

Aug. 6, 1998.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:96-cv-102-WLH), William L. Harper, Judge.

Before CARNES, Circuit Judge, KRAVITCH, Senior Circuit Judge, and MILLS*, Senior District Judge.

CARNES, Circuit Judge:

In 1993, Sylvia Crawford, a former employee at the Fish and Wildlife Service, a Division of the Department of the Interior (the "Agency"), was sexually harassed by her supervisors and then retaliated against when she complained about it. After Crawford filed an administrative complaint, the Agency issued a final decision finding it had discriminated against her and awarding injunctive relief. Crawford subsequently brought suit in federal district court seeking compensatory damages. The court dismissed her claim at the summary judgment stage of the proceedings. For the reasons set forth below, we reverse.

## I. BACKGROUND

Crawford worked for the Agency during the latter part of 1993. On November 8, 1993 and December 28, 1993, she filed Equal Employment Opportunity ("EEO") discrimination claims with

---

*Honorable Richard Mills, Senior U.S. District Judge for the Central District of Illinois, sitting by designation.

the Agency's Office for Equal Opportunity alleging that her supervisors had sexually harassed her and then retaliated against her when she complained. An investigator for the Agency's Office of Human Resources investigated the claims. Among other things, Crawford informed the investigator that she had developed physical and emotional problems from the stress of the sexual harassment. The investigator issued a Report of Investigation in February 1995. By letter dated February 23, 1995, the Agency's Office of Human Resources sent Crawford the report and informed her that she could request a final decision on her claims from the Agency, with or without an administrative hearing before an Equal Employment Opportunity Commission ("EEOC") administrative judge. On March 29, 1995, Crawford requested an administrative hearing.

On May 30, 1995, Judge Davi, the EEOC administrative judge, informed Crawford and the Agency that he had scheduled a pre-hearing conference on July 17, 1995 and a hearing on July 25, 1995. At the pre-hearing conference, the parties discussed their settlement negotiations. The Agency stated that it would not consider monetary settlement for compensatory damages without objective evidence of damages and sufficient causal connection between the alleged discriminatory acts and Crawford's alleged injuries. In addition, the Agency requested Crawford's medical records and any other documents she intended to use at the July 25, 1995 hearing to support her claim for compensatory damages. Crawford's counsel did not provide the Agency with the medical records, but did indicate that two doctors would testify at the hearing to substantiate her claim for compensatory damages.

On July 25, 1995, Crawford's counsel requested a continuance of the hearing. Judge Davi denied the request and proceeded to renew settlement discussions between the parties. The Agency again took the position that it would not pay Crawford compensatory damages without objective

2

evidence of damages and causation. Judge Davi asked Crawford's counsel whether the two doctors he mentioned at the pre-hearing conference would be testifying at the hearing. After learning that they would not be testifying, Judge Davi informed Crawford that the hearing would proceed, but that without substantiating evidence of damages, no compensatory damages would be awarded. Crawford then elected to waive the hearing and requested a final decision from the Agency on her claims. Prior to the issuance of its final decision, the Agency did not request and Crawford did not submit any additional evidence.

The Agency issued its final decision on October 20, 1995. In the decision, the Agency found it had subjected Crawford to sexual harassment and retaliation in violation of Title VII and awarded her injunctive relief, costs, and attorney's fees. However, the decision was silent with regard to compensatory damages. While acknowledging that Crawford stated that she "developed physical problems from the stress of [her] supervisor's sexual harassment," the decision did not discuss whether she was entitled to compensatory damages for those injuries. The decision also informed Crawford that if she was dissatisfied, she had the choice of filing an appeal with the EEOC or filing a civil action in United States District Court. She chose the latter option.

On January 12, 1996, Crawford filed this lawsuit against Bruce Babbitt in his official capacity as Secretary of the Interior. (For simplicity, we will refer to Babbitt as the Agency). Crawford's complaint referred to the Agency's final decision and alleged that as a result of the Agency's discrimination, she had suffered hospitalization and physical, mental, and emotional distress. The complaint requested that the court (1) enter a declaratory judgment stating that the Agency had discriminated against her in violation of Title VII, and (2) "enter a judgment against the

[Agency] for compensatory damages associated with the undue stress suffered by Plaintiff as a result of the unlawful employment practices of Defendant."

After the parties consented to having the case tried before a magistrate judge, Crawford moved for partial summary judgment on the issue of liability. She argued that the Agency's final decision conclusively established the Agency's liability under Title VII and requested that the issue of compensatory damages for her alleged physical and emotional injuries proceed to a jury trial. The Agency responded that since compensatory damages were not awarded as part of its final decision, Crawford could seek either (1) enforcement of the Agency's final decision but forego a claim for compensatory damages, or (2) a *de novo* review of the entire dispute, including liability and damages.

On March 11, 1997, the magistrate judge granted Crawford's motion for partial summary judgment as to liability. In addition, although the Agency had not filed a summary judgment motion, the magistrate judge dismissed Crawford's claim for compensatory damages. The court then entered a judgment which ordered the injunctive relief set out in the Agency's final decision and dismissed Crawford's claim for compensatory damages. After Crawford's motion for reconsideration of that order was denied, she appealed, contending that the magistrate judge had erred in dismissing her claim for compensatory damages. The Agency did not cross-appeal the entry of judgment in Crawford's favor on the issue of the Agency's liability for violating Title VII.

## II. STANDARD OF REVIEW

We review a district court's grant of summary judgment *de novo,* using the same legal standard employed by the district court. *See, e.g., Fitzpatrick v. City of Atlanta,* 2 F.3d 1112, 1117 (11th Cir.1993). "Summary judgment is appropriate if the record shows no genuine issue of material

4

fact and that the moving party is entitled to judgment as a matter of law. When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party." *Witter v. Delta Air Lines, Inc.,* 138 F.3d 1366, 1369 (11th Cir.1998) (internal citations and quotations omitted).

## III. ANALYSIS

The crux of Crawford's claim is that she is entitled to compensatory damages for injuries she suffered as a result of the Agency's sexual harassment and retaliatory conduct in violation of Title VII. The issue is whether she can rely on the Agency's finding of discrimination to pursue her compensatory damages claim in court, when the Agency did not award her compensatory damages. We begin by discussing the statutory scheme and administrative process which governs a Title VII discrimination claim brought against a federal agency.

### A. The Statutory Scheme and the Administrative Process

In 1972, Congress amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* to extend its protection against employment discrimination on the basis of race, color, religion, sex or national origin to most federal employees. Specifically, 42 U.S.C. § 2000e-16(a) provides that "[a]ll personnel actions affecting employees or applicants for employment ... [in federal agencies and other specifically listed areas of federal employment] shall be made free from any discrimination based on race, color, religion, sex, or national origin." A covered federal employee who has been the victim of an unlawful employment practice under Title VII may file suit against her employer in federal district court. *See* 42 U.S.C. § 2000e-16(c). However, before bringing suit, the aggrieved employee must exhaust her administrative remedies. *See Brown v. General Servs. Admin.,* 425 U.S. 820, 832-33, 96 S.Ct. 1961, 1967-68, 48 L.Ed.2d 402 (1976).

5

In 42 U.S.C. § 2000e-16(b), the EEOC is granted the authority to enforce § 2000e-16(a)'s prohibition of discrimination in federal employment "through appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies of this section." In addition, the EEOC is given the power to "issue such rules, regulations, orders, and instructions as it deems necessary and appropriate to carry out its responsibilities under this section." *Id.* Acting under this grant of authority, the EEOC has promulgated regulations designed to resolve claims of discrimination in federal employment. Under those regulations, the procedures which a federal employee must follow in order to pursue a charge of discrimination against a federal agency are as follows.

A federal employee who believes she has been discriminated against in violation of Title VII must first consult an EEO counselor within the employing agency to try to resolve the matter informally. *See* 29 C.F.R. § 1614.105(a). If that is unsuccessful, the EEO counselor notifies the employee of her right to file a formal administrative complaint with the employing agency itself. *See* 29 C.F.R. § 1614.105(d).

Upon receiving the complaint, the employing agency conducts an investigation in order to "develop a complete and impartial factual record upon which to make findings on the matters raised by the ... complaint." 29 C.F.R. § 1614.108(b). After completing the investigation, the agency gives the complaining employee a copy of the investigative file. At this point, the agency can make the employee an offer of "full relief." (We will discuss the definition of "full relief" later). If the employee rejects the offer of "full relief," the agency is required to dismiss the complaint. *See* 29 C.F.R. § 1614.107(h). The employee can then appeal to the EEOC or file a civil action in federal district court. *See* 29 C.F.R. § 1614.401(a).

6

If an appeal is taken to the EEOC, and the EEOC agrees that the agency's offer constituted "full relief," then it must dismiss the appeal. *See* 29 C.F.R. § 1614.405. But if the EEOC concludes that the offer did not constitute "full relief," it issues a final written decision. *See Id.* "If the decision contains a finding of discrimination, appropriate remedy(ies) shall be included." *Id.* Although an employing agency has no right of appeal to federal court from an EEOC final decision, *see* 29 C.F.R. § 1614.504, the employee, if not satisfied with the EEOC's final decision, may file a civil action in federal district court. *See* 42 U.S.C.2000e-16(c).

Alternatively, if the employing agency opts not to make an offer of "full relief" at the conclusion of its investigation, it must notify the employee that she has a right to either (1) request a hearing on her claim before an EEOC administrative judge, or (2) receive a final decision on the claim from the employing agency. *See* 29 C.F.R. § 1614.108(f).

If the employee elects the first option, the administrative judge conducts a hearing, issues "findings of fact and conclusions of law ... [and] order[s] appropriate relief where discrimination is found." 29 C.F.R. § 1614.109(g). The employing agency then has sixty days to reject or modify those findings or relief ordered and issue its own "final decision." *See Id.* The "final decision" must "consist of findings by the agency on the merits of each issue in the complaint and, when discrimination is found, appropriate remedies and relief." 29 C.F.R. § 1614.110. If the employing agency does not issue a final decision, then the conclusions of the administrative judge and the relief ordered become the agency's final decision. *See* 29 C.F.R. § 1614.109(g). On the other hand, if the employee elects option two, she does not receive a hearing before an EEOC administrative judge, and the agency must issue a "final decision" within sixty days. *See* 29 C.F.R. § 1614.110.

7

Should the employee be dissatisfied with any aspect of the agency's final decision, she may appeal it to the EEOC or file a civil action in federal district court. Should she appeal to the EEOC, it must issue a final written decision. 29 C.F.R. § 1614.405. "If the [EEOC's] decision contains a finding of discrimination, appropriate remedy(ies) shall be included." *Id.* Although an employing agency is stuck with an EEOC final decision and cannot have it reviewed in federal court, *see* 29 C.F.R. § 1614.504, an employee, if not satisfied with an EEOC final decision, may file a civil action in federal district court. *See* 29 C.F.R. § 1614.408.

Now, we consider "full relief." When either the employing agency or the EEOC find that the agency discriminated against the employee, the agency must provide the employee "full relief." *See* 29 C.F.R. § 1614.501(a). According to the EEOC, full relief "shall include, but need not be limited to," nondiscriminatory placement with back pay and interest, elimination of any discriminatory practices, "cancellation of unwarranted personnel action," and full opportunity to participate in [any] employee benefit denied because of discrimination. 29 C.F.R. § 1614.501(a),(c).

In addition, in claims where discrimination occurred after the passage of the Civil Rights Act of 1991, the EEOC requires agencies to award compensatory damages as part of "full relief," but only if the employee presents certain objective evidence of injury. *See Jackson v. United States Postal Service,* EEOC Appeal No. 01923399 (1992).[1] The EEOC has issued a policy guidance statement detailing the type of evidence an employee must present to establish the injuries for which compensatory damages are awarded. *See* EEOC POLICY GUIDANCE No. 915.002 S II(A)(2), at

---

[1]The EEOC has repeatedly affirmed the *Jackson* decision requiring agencies to award compensatory damages in the administrative process as part of ensuring that a discrimination victim receives full relief. *See e.g., Carle v. Department of the Navy,* EEOC Appeal No. 01922369 (1993); *Huhn v. Department of the Treasury,* EEOC Appeal No. 059440630 (1995); *Johnson v. Department of the Treasury,* EEOC Appeal No. 01966242 (1997).

10 (July 14, 1992). In particular, the policy guidance statement notes that "[n]onpecuniary losses for emotional harm are more difficult to prove than pecuniary losses," and that the EEOC "will typically require medical evidence of emotional harm to seek damages for such harm in conciliation negotiations." *Id.*

B. The District Court's Dismissal of Crawford's Claim for Compensatory Damages

With that overview of the statutory scheme and administrative process governing Title VII claims against federal agencies in mind, we turn now to the issue of whether the magistrate judge erred in dismissing Crawford's claim for compensatory damages. The magistrate judge relied on two grounds in dismissing Crawford's claim for compensatory damages. First, the judge found that Crawford had failed to adequately raise the claim for compensatory damages at the administrative level and was therefore barred from raising it in district court due to her failure to exhaust administrative remedies. Second, the judge ruled that Crawford's reliance on the Agency's final decision in her motion for partial summary judgment precluded her from litigating *de novo* the compensatory damages issue. The magistrate judge observed that, in essence, Crawford was seeking to enforce the favorable parts of the Agency's final decision (the finding of discrimination and the award of equitable relief) while at the same time litigating *de novo* the unfavorable parts (the failure to award her compensatory damages). The judge reasoned that since Crawford had elected to rely on the Agency's final decision, she was bound to its terms. Therefore, the judge concluded, because the Agency's final decision did not award Crawford compensatory damages, she could not recover those damages in the district court.

The magistrate judge's reasons for dismissing Crawford's compensatory damages claim are implicitly premised on the EEOC's position, which we have already described, that an employing

9

agency can award an employee compensatory damages in the administrative process as part of "full relief." If that position is wrong, if compensatory damages cannot be awarded in the administrative process, then neither of the grounds upon which the magistrate judge relied justify dismissal of Crawford's claim for compensatory damages.

As to the magistrate's first ground for dismissing Crawford's claim for compensatory damages, if such relief cannot be awarded in the administrative process to begin with, it follows that an employee's obligation to exhaust administrative remedies cannot include a duty to request it. As for the second ground for dismissal, if compensatory damages cannot be awarded in the administrative process, then the absence of such an award in an agency's final decision cannot preclude a claim for compensatory damages in federal court. If an agency cannot award compensatory damages in the administrative process, its final decision obviously cannot dispose of a claim for compensatory damages.

It follows that in determining whether the magistrate judge erred in dismissing Crawford's claim for compensatory damages, we must resolve the threshold question of whether compensatory damages can be awarded in the administrative process. We turn now to that issue.

C. Can Compensatory Damages Be Awarded in the Administrative Process?

Crawford's attempt to recover compensatory damages from a United States government agency raises sovereign immunity concerns. The United States, as sovereign "is immune from suit save as it consents to be sued." *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769-70, 85 L.Ed. 1058 (1941). The Government's consent to be sued "cannot be implied but must be unequivocally expressed." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980). Furthermore, "a waiver of the Government's sovereign immunity will be

strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena,* 518 U.S. 187, 192, 116 S.Ct. 2092, 2096, 135 L.Ed.2d 486 (1996). "[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981).

In 1972, Congress waived the federal government's sovereign immunity for violations of Title VII. However, that waiver was limited in scope; it did not subject federal agencies to liability for compensatory damages. *See* Equal Employment Opportunity Act of 1972, Pub.L. 92-261, 86 Stat. 103. Not until the Civil Rights Act of 1991 did Congress expand the scope of its previous waiver by subjecting federal agencies to liability for compensatory damages. *See* 42 U.S.C. § 1981a(a) ("In an action brought by a complaining party under section 706 or 717 of the Civil Rights Act of 1964 [42 U.S.C. §§ 2000e-5 or 2000e-16] against a respondent who engaged in unlawful intentional discrimination ... prohibited [by Title VII], the complaining party may recover compensatory ... damages as allowed in subsection (b) of this section...."). However, Congress expressly conditioned the expanded waiver by providing that the government has a right to a jury trial on the issue of its liability for compensatory damages. *See* 42 U.S.C. § 1981a(c) ("If a complaining party seeks compensatory ... damages under this section[,] any party may demand a trial by jury."). The effect of that condition is a government agency may not be held liable for compensatory damages unless it has the opportunity to have a jury trial on the issue of its liability for those compensatory damages.

We have previously explained that EEOC decisions—not any statutory provision—requires governmental agencies, when presented with certain objective evidence of injury, to award an employee who is a discrimination victim compensatory damages in the administrative process. In

11

the EEOC's view, doing that is part of the process of ensuring the victim receives "full relief." *See Jackson v. United States Postal Service,* EEOC Appeal No. 01923399 (1992). If the employing agency does not award compensatory damages as part of its offer of "full relief," the employee may appeal to the EEOC, which purports to have the authority to order the agency to award compensatory damages. An EEOC regulation provides that an award of compensatory damages, whether from the agency in its final decision or from the EEOC on an appeal from that decision, is binding against the agency and cannot be appealed by it to federal court. *See* 29 C.F.R. § 1614.504(a) ("A final decision that has not been the subject of an appeal or civil action shall be binding on the agency."). That regulation is derived from 42 U.S.C. § 2000e-16(c), which provides that only "an employee ... if aggrieved by the final disposition of his complaint ... may file a civil action as provided in section 2000e-5 of this title."

The EEOC's requirement that compensatory damages be awarded in the administrative process as part of "full relief" prevents an agency from obtaining a jury trial on the issue of its liability for compensatory damages. As a result, that requirement is inconsistent with Congress' conditioning waiver of the federal government's sovereign immunity for compensatory damages on the right to a jury trial.

"[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981). In § 1981a, Congress has expressly conditioned its waiver of sovereign immunity on the agency's right to have a jury trial on the issue of its liability for compensatory damages. Accordingly, unless Congress—not the EEOC or the courts—provides otherwise, the waiver of sovereign immunity may not be expanded to make an agency liable for

12

compensatory damages in the administrative process where there is no jury trial. *Cf. Gibson v. Brown,* 137 F.3d 992 (7th Cir.1998) (holding that the EEOC may not order a federal agency to pay compensatory damages in the administrative process because it would deny the agency its right to a jury trial under 42 U.S.C. § 1981a).

The Agency contends, however, that we should follow the lead of the Fifth Circuit in *Fitzgerald v. Secretary, United States Dept. of Veterans Affairs,* 121 F.3d 203, 207 (5th Cir.1997), and hold that compensatory damages may be awarded in the administrative process. Our fundamental problem with the *Fitzgerald* decision is that it did not confront the sovereign immunity constraints which we find to be controlling on the question of whether compensatory damages may be awarded in the administrative process. The Agency concedes that *Fitzgerald* did not address the sovereign immunity issue, but nonetheless advances four arguments, the first of which was relied on by the Fifth Circuit in *Fitzgerald,* to support its position that compensatory damages may be awarded in the administrative process. We find none of them persuasive.

First, the Agency points out that Congress granted the EEOC broad powers in 42 U.S.C. § 2000e-16 to award "appropriate remedies, including reinstatement or hiring of employees with or without back pay, as will effectuate the policies" of Title VII. The Agency then argues that when Congress passed the Civil Rights Act of 1991 and made compensatory damages available to victims of employment discrimination, they became part of the arsenal of remedies that the EEOC was empowered to award. Thus, the Agency concludes, the EEOC's requirement that an agency award an employee discrimination victim compensatory damages where necessary for "full relief" is merely an extension of the broad power that Congress conferred upon the EEOC.

While we agree that 42 U.S.C. § 2000e-16 gives the EEOC broad power, that power has limits. In this case, Congress' decision to define its waiver of sovereign immunity for compensatory damage claims with the condition that an agency have the right to a jury trial provides such a limit. The EEOC's broad power does not give it the right to extend the scope of Congress' waiver of sovereign immunity by tossing aside an agency's right to a jury trial. The EEOC cannot erase from the waiver of sovereign immunity a condition Congress wrote into it.

Second, the Agency notes that both before and after the passage of the Civil Rights Act of 1991, only an employee, not the federal agency, can challenge the outcome of the administrative process, whether it be the agency's final decision or the EEOC's final decision. Put another way, unless the employee challenges the disposition of his complaint in the administrative process by filing a claim in federal court, the agency is bound by the terms and relief ordered in the agency's or the EEOC's final decision. That one-way appealability rule is expressed in 29 C.F.R. § 1614.504(a) ("[a] final decision that has not been the subject of an appeal or civil action shall be binding on the agency"), and it is derived from Title VII's language which provides that only "an employee ... if aggrieved by the final disposition of his complaint ... may file a civil action as provided in section 2000e-5 of this title." 42 U.S.C. § 2000e-16(c). The Agency argues that Congress' awareness of the one-way appealability rule when it made compensatory damages available in the Civil Rights Act of 1991 means Congress, in conditioning the waiver of sovereign immunity on an agency having a right to a jury trial, must have recognized that an agency would be unable to exercise its right to a jury trial if compensatory damages were awarded in the administrative process.

14

The problem with this argument is that it assumes away the issue it purports to resolve. The argument assumes that compensatory damages can be awarded in the administrative process and then states that Congress must have recognized that an agency would not be able to exercise its jury trial right if damages were awarded against it in the administrative process. However, the issue being resolved is whether Congress' waiver of sovereign immunity allows compensatory damages to be awarded against an agency in the administrative process where the agency will not have access to a jury trial.

For reasons we have already discussed, we believe Congress' deliberate decision to condition its waiver of sovereign immunity on an agency having the right to a jury trial precludes us from holding that compensatory damages are available in the administrative process. Therefore, an essential premise of the Agency's second argument is wrong. At best, the Agency is arguing that Congress impliedly waived sovereign immunity as to the award of compensatory damages in the administrative process. However, waivers of sovereign immunity are narrowly construed, and are not to be implied. *See e.g., Lehman,* 453 at 161, 101 S.Ct. at 2702.

Third, the Agency argues a holding that compensatory damages may not be awarded in the administrative process will prevent agencies from settling cases in which employees seek compensatory damages, because paying such damages in settlement would deprive the agencies of their right to a jury trial. That argument is specious. Government agencies are free to agree to settle cases on terms they deem fair and appropriate, and they may waive their statutory rights in doing so. Nothing in 42 U.S.C. § 1981a prevents an agency from waiving its right to a jury trial on the issue of its liability for compensatory damages—whether in settlement or otherwise. However, the choice of whether to waive the right to a jury trial in any particular case is a purely discretionary

15

decision to be made by the agency involved, not by the EEOC. Congress provided federal government agencies with the right to a jury trial on compensatory damages, and only the agency with that right can waive it in a particular case.

Fourth, the Agency argues that the effect of holding compensatory damages are unavailable in the administrative process is to undermine the administrative exhaustion requirement and render the administrative process a nullity. We disagree. Our holding is limited: compensatory damages are not available in the administrative process. Our holding does not affect any other aspect of the administrative process the EEOC has established to address Title VII discrimination claims against a federal agency. A federal employee must still exhaust administrative remedies for all types of relief she seeks other than compensatory damages, the only type of relief for which Congress' waiver of sovereign immunity was conditioned on a federal agency having the right to a jury trial.

### D. Summary

To sum up, we hold that because Congress conditioned waiver of sovereign immunity for compensatory damages on access to a jury trial, compensatory damages may not be awarded in the administrative process in which there is no jury trial and from which a federal agency has no right of review in a forum providing a jury trial. Because compensatory damages may not be awarded in the administrative process, an employee such as Crawford is not required to raise compensatory damages as part of her duty to exhaust administrative remedies. Moreover, an employee's reliance on an agency's final decision cannot be dispositive of a claim for compensatory damages brought in federal court.

### IV. CONCLUSION

16

In light of our holding, the magistrate judge erred in dismissing Crawford's claim for compensatory damages. Accordingly, the part of the judgment concerning compensatory damages is REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion. The remainder of the judgment is AFFIRMED.