# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1545

_____

Carol Briley,                                    *
                                                 *
              Appellant,                         *
                                                 *     Appeal from the United States
      v.                                         *     District Court for the Western
                                                 *     District of Missouri.
John W. Carlin, Archivist of the                 *
United States,                                   *
                                                 *
              Appellee.                          *


_____

Submitted: November 16, 1998
Filed: March 31, 1999

_____

Before McMILLIAN, FLOYD R. GIBSON, and HANSEN, Circuit Judges.

_____

HANSEN, Circuit Judge.

Carol Briley appeals the judgment of the district court[1] dismissing her Title VII sex discrimination case, which was based on three separate Equal Employment Opportunity (EEO) complaints. Specifically, she challenges two orders of the district court, one dismissing her claims due to her failure to comply with an agency deadline

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

and one granting summary judgment to the defendant on her claims arising from her second and third EEO complaints. We affirm.

## I.

Since 1974, Briley has been employed as an archivist by the National Archives and Records Administration at the Harry S. Truman Presidential Library in Independence, Missouri. This discrimination lawsuit is based on three EEO complaints she filed, alleging discrimination and retaliation on the basis of her sex. The agency dismissed the first complaint (No. 9503) as untimely because Briley failed to consult an EEO counselor within 45 days of the alleged discrimination. Briley appealed the dismissal to the Equal Employment Opportunity Commission (EEOC), which initially remanded the complaint to the agency but then granted the agency's request for reconsideration and affirmed the dismissal.

The agency certified offers of full relief on Briley's second and third EEO complaints (Nos. 9505 and 9511). Briley rejected the agency's offers because they did not satisfy her requests for a promotion and compensatory damages. The agency dismissed her complaints due to Briley's rejection of its certified offers of relief. Briley appealed the dismissals to the EEOC, which affirmed them and denied her any relief.

Briley brought this Title VII lawsuit in federal court on claims arising out of her three EEO complaints. The district court dismissed Briley's claims based on complaint No. 9503 for lack of jurisdiction on grounds that she had missed the 45-day deadline and that no equitable tolling principles applied to her situation. The district court granted summary judgment to the agency on complaints No. 9505 and No. 9511, concluding that Briley's rejection of a full offer of relief and her failure to participate in good faith in the administrative process amounted to a failure to exhaust her administrative remedies, which precludes her right to bring a Title VII lawsuit. Briley

2

appeals both orders of the district court, arguing that the principles of equitable tolling apply to EEO complaint No. 9503 and that the agency did not offer full relief on complaints No. 9505 and No. 9511.

II.

A.

We turn first to the issue of equitable tolling. The agency dismissed complaint No. 9503 because Briley failed to timely consult an EEO counselor within 45 days of the alleged discriminatory act. See 29 C.F.R. §§ 1614.105(a)(1); 1614.107(b) (1998). Briley does not contend that she timely consulted a counselor. The only issue is whether she is entitled to equitable tolling of the 45-day limit.

It is well established that "Title VII claims may be 'subject to waiver as well as tolling when equity so requires.'" Hamilton v. West, 30 F.3d 992, 993 (8th Cir. 1994) (quoting Zipes v. TWA, 455 U.S. 385, 393-98 (1982)). "[E]quitable tolling is a remedy reserved for circumstances that are truly beyond the control of the plaintiff." Shempert v. Harwick Chem. Corp., 151 F.3d 793, 798 (8th Cir. 1998) (internal quotation omitted), cert. denied, 1999 WL 80335, 67 U.S.L.W. 3323, 3350 (U.S. Feb. 22, 1999) (No. 98-709). Equitable tolling will extend a deadline missed due to an employee's excusable ignorance, but the doctrine is precluded once it is shown that the employee was generally aware of her rights. Hamilton, 30 F.3d at 994. Equitable tolling is not available when it is shown that the employee has "general knowledge" of the right not to be discriminated against or the means of obtaining such knowledge. DeBrunner v. Midway Equip. Co., 803 F.2d 950, 952 (8th Cir. 1986).

Briley contends that she was not aware of the 45-day time limit for consulting a counselor and that there was no EEO process in place during 1993 and 1994 when

3

she was having the problems asserted in complaint No. 9503. She asserts she never saw any posting of EEO counselor names or of the 45-day time limit.

The district court held an evidentiary hearing on this issue, made findings of fact, and dismissed the case for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), concluding that Briley was not entitled to equitable tolling. We review the district court's Rule 12(b)(1) fact-findings for clear error. Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990). The district court found that Briley, who had been employed by the same agency since 1974, had filed a successful EEO complaint in 1986 and that Briley had timely consulted with a counselor regarding the 1986 complaint. The court discredited Briley's assertion that she did not know she had talked with an EEO counselor, because documents from that 1986 complaint indicate that Briley knew she had engaged in EEO counseling (the counselor sent her a note saying EEO counseling was complete and Briley checked a box acknowledging that she had discussed her complaint with an EEO counselor). In 1985, Briley ran in the election to be an EEO counselor at the Truman Library. The district court found that Victoria Alexander and Rhonda Cook, who worked at the Truman Library, posted EEO-related notes on the employee bulletin board in the break room and that a list of available EEO counselors has been posted there at all times since 1978. The court further found that in 1993, Alexander posted a notice informing employees to immediately contact the EEOC in Washington if they thought they had been discriminated against, and a 1994 notice contained a statement of the 45-day counselor limit.

The district court concluded that Briley was not entitled to equitable tolling of the 45-day limit. The district court found that Briley had general knowledge of her right not to be discriminated against, as demonstrated by her 1986 EEO complaint and the many notices that had been posted in the break room at the Truman Library throughout the years she was an employee of the agency. We find no clear error in the

district court's findings of fact, and we agree with the court's conclusion that the facts defeat Briley's claim of equitable estoppel.

Briley asserts for the first time in this appeal that the agency must prove that she had actual notice of the 45-day limit. See 29 C.F.R. § 1614.105(a)(2) (stating the agency "shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them"). Because this argument is raised for the first time on appeal, we decline to address it. See von Kerssenbrock-Praschma v. Saunders, 121 F.3d 373, 375 (8th Cir. 1997). In any event, Briley would not prevail on this argument because the facts demonstrate that she was "otherwise aware" of the 45-day limit.

B.

We next consider Briley's argument that the agency did not offer full relief on EEO complaints No. 9505 and No. 9511. The district court granted summary judgment to the National Archives and Records Administration, concluding that Briley's rejection of an offer of full relief in complaint No. 9505 and her failure to cooperate with the agency investigation in complaint No. 9511 precluded her from having properly exhausted her administrative remedies as required to bring a Title VII lawsuit. We review the grant of summary judgment de novo, applying the same standards as the district court. See Lynn v. Deaconess Med. Ctr.-West Campus, 160 F.3d 484, 486 (8th Cir.1998). "Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id.; Fed. R. Civ. P. 56(c). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Title VII prohibits employment discrimination on the basis of sex, see 42 U.S.C. § 2000e-2(a)(1) (1994), but also "establishes an administrative procedure which a

5

complaining employee must follow before filing a lawsuit in federal court." <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 222 (8th Cir. 1994).  In other words, an employee cannot bring a discrimination claim without first exhausting his or her administrative remedies.  <u>See</u> <u>Artis v. Francis Howell North Band Booster Ass'n, Inc.</u>, 161 F.3d 1178, 1183 (8th Cir. 1998).  In order to exhaust administrative remedies, the claimant is required to demonstrate good faith participation in the administrative process, which includes making specific charges and providing information necessary to the investigation.  <u>See</u> <u>Wrenn v. Secretary, Dep't of Vet. Affairs</u>, 918 F.2d 1073, 1078 (2d Cir. 1990), <u>cert.</u> <u>denied</u>, 499 U.S. 977 (1991); <u>Francis v. Brown</u>, 58 F.3d 191, 192 (5th Cir. 1995).

A corollary of the exhaustion rule "is that if a claimant obtains 'full relief' as a result of the administrative proceedings, then that claimant cannot bring a lawsuit in federal court."  <u>Frye v. Aspin</u>, 997 F.2d 426, 428 (8th Cir. 1993) (applying the rule to a lawsuit brought under the Rehabilitation Act).  Federal regulations provide that the agency shall provide full relief in order to "make whole" an employee who has been discriminated against, <u>see</u> 29 C.F.R. § 1614.501(a), and shall dismiss a complaint if the complainant fails to accept an offer of full relief as settlement of the claim, <u>see</u> 29 C.F.R. § 1614.107(h).  Consistent with the regulations, we have noted that "'a claimant who is offered full relief in the administrative process must either accept the relief or abandon the claim.'"  <u>Frye</u>, 997 F.2d at 428 (quoting <u>Wrenn</u>, 918 F.2d at 1078).  Plainly stated, a claimant who rejects an offer of full relief is not entitled to maintain a federal lawsuit.

On appeal from a grant of summary judgment in which the district court concluded that the complainant rejected an offer of full relief and thus failed to exhaust administrative remedies, this court must examine the sufficiency of the offer to determine whether the offer constitutes "full relief."  <u>Id.</u>  Agency regulations provide that an offer of "full relief" involves, among other things, "[a]n unconditional offer to each identified victim of discrimination of placement in the position the person would

6

have occupied but for the discrimination suffered," and "[p]ayment to each identified victim of discrimination on a make whole basis for any loss of earnings the person may have suffered as a result of the discrimination." 29 C.F.R. § 1614.501(a)(3),(4). "[A] settlement offer is one of full relief if it adequately resolves the particular claims" asserted by the claimant. Fitzgerald v. Secretary U.S. Dep't of Vet. Affairs, 121 F.3d 203, 208 (5th Cir. 1997).

In EEO complaint No. 9505, Briley, a GS-11 federal employee, complained of an instance of discrimination occurring on October 3, 1994. She alleged that her duties were reduced without any change in her work plan, that she did not receive a cash award for a "highly successful" performance rating, and that she was denied administrative leave to meet with her attorney. As relief, she requested reinstatement of her former duties, a promotion to GS-12 with backpay, and attorney fees. The agency certified an offer of full relief, which included changing her work plan to reflect her current duties, noted that a cash performance award had already been processed, approved four hours of administrative leave for her to meet with her attorney, and agreed to pay reasonable attorney fees. The agency did not offer backpay or a promotion to GS-12 status, concluding that these measures would go beyond the agency's duty to make the complainant whole. Briley refused to accept the offer, asserting that it did not amount to an offer of full relief. The agency then dismissed her complaint, and the EEOC affirmed the agency's dismissal.

The district court granted summary judgment to the agency, concluding that Briley's Title VII claims based on complaint No. 9505 are barred due to her rejection of the agency's settlement offer. The district court found that Briley's EEO complaint did not assert she was wrongfully denied a promotion to GS-12 status. Absent such a claim, the agency had no basis on which to offer a promotion as "make whole" relief, and the district court concluded that the agency's offer amounted to full relief even without a provision for a promotion or backpay.

"A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." Williams, 21 F.3d at 222. Briley's EEO complaint No. 9505 did not claim that she was denied a promotion to GS-12. She complained merely of reduced duties in her current GS-11 position. Although Briley contends that an investigation would have revealed the basis for the promotion she seeks, the requested promotion is not reasonably related to the substance of the charges in her EEO complaint. Further, the relief she sought would place her in a better position than she would have occupied absent the discrimination, and no material issues of fact exist to preclude summary judgment. Because Briley's requests for a promotion and backpay were beyond the scope of the claims articulated in her EEO complaint, the agency's offer in complaint No. 9505, which did not include a promotion or backpay, was one of full relief which Briley completely rejected. Accordingly, the district court properly granted summary judgment to the agency on claims arising from EEO complaint No. 9505 due to Briley's failure to exhaust administrative remedies.

In EEO complaint No. 9511, Briley alleged that her supervisor had downgraded her position in retaliation for her prior complaints, though she remained at GS-11 status and alleged no loss of earnings. She sought reinstatement of her duties, reinstatement of administrative time, attorneys fees, and compensatory damages--which were not specifically requested in the complaint but were mentioned in the EEO counselor's report. After discovering the compensatory damages claim in the counselor's report, the agency requested that Briley provide specific evidence linking any damages to the alleged discrimination. Briley's counsel refused to provide the requested information, asserting that the issue of compensatory damages was a matter for the jury under the Civil Rights Act of 1991. The agency then certified a settlement offer of full relief-- offering to reinstate all duties allegedly removed, to approve four hours of administrative leave for meetings with her attorney, and to grant reasonable attorney fees. Because Briley refused to provide the requested substantiating information, the agency's offer did not include a provision for compensatory damages. Once again,

Briley completely rejected the agency's offer, and the agency dismissed the complaint due to her rejection of a certified offer of full relief. The EEOC affirmed the dismissal.

The district court concluded that Briley's refusal to participate in good faith in the administrative proceeding amounted to a failure to exhaust administrative remedies, warranting summary judgment for the agency. The court noted that Briley's refusal to cooperate with the agency's reasonable request for information on the damages issue deprived the agency of any basis for preparing an offer of settlement that included compensatory damages.

On appeal, Briley argues that she was not required to exhaust administrative remedies by providing information regarding her compensatory damages claim. Briley contends that the agency has no authority to request information concerning her compensatory damages claim because the 1991 Civil Rights Act reserves the issue for a jury trial. See 42 U.S.C. § 1981a(c). We believe that Briley's argument misses the mark given the facts of her case. Her argument is premised on two cases that, in our view, simply do not support her assertion. The cases she cites hold that exhaustion of administrative remedies is not required for compensatory damages claims because the EEOC does not have authority to order the government to pay compensatory damages. See Crawford v. Babbitt, 148 F.3d 1318, 1325-26 (11th Cir. 1998), petition for cert. filed (U.S. Feb. 18, 1999) (No. 98-1332); Gibson v. Brown, 137 F.3d 992, 996 (7th Cir. 1998), cert. granted sub nom., West v. Gibson, 119 S. Ct. 863 (1999). These cases reason that Congress premised the award of compensatory damages on the statutory right to a jury trial, see 42 U.S.C. § 1981a(c), and did not expressly waive the government's sovereign immunity to be subject to compensatory damages during the administrative process. The Fifth Circuit reached a contrary result, concluding that the EEOC has authority to award compensatory damages in administrative proceedings and requiring the exhaustion of administrative remedies for a compensatory damages claim. See Fitzgerald, 121 F.3d at 207. The question of whether the EEOC has authority to force the government to pay compensatory damages in the administrative proceedings,

however, is not before this court and has no bearing on the <u>employing agency's</u> right to request information concerning Briley's compensatory damages claim.

In the present case, the employing government agency, not the EEOC, sought information from Briley in its attempt to determine whether her claim for compensatory damages was substantiated. Regardless of whether the EEOC has authority to grant compensatory damages (an issue we do not reach today), the employing government agency always remains "free to agree to settle cases on terms they deem fair and appropriate, and they may waive their statutory rights in doing so." <u>Crawford</u>, 148 F.3d at 1326. Nothing in the 1991 Civil Rights Act "prevents a[] [government] agency from waiving its right to a jury trial on the issue of its liability for compensatory damages-- whether in settlement or otherwise." <u>Id.</u> Because an employing government agency may, in its discretion, choose to waive sovereign immunity on the compensatory damages issue and settle the claim, it is reasonable for the employing agency to make a request for substantiating information regarding compensatory damages when a claimant seeks damages without stating a basis for them in her complaint. In this situation, the claimant seeking compensatory damages remains under a duty to respond to such a request in good faith. Nothing in Briley's complaint, which alleges the removal of duties from her GS-11 position but no adverse effect upon her compensation, gives rise to an inference that she suffered any wrong requiring an award of compensatory damages. The agency was within its authority to request more information to substantiate her claim. Briley's refusal to comply with her employing agency's reasonable request for information amounts to a breach of her duty to cooperate in good faith in the administrative procedure, which is a failure to exhaust administrative remedies under either line of cases cited above.

Having failed to cooperate in good faith with her employing agency on complaint No. 9511 and having rejected the agency's offer of full relief on complaint No. 9505, Briley has cornered herself into a situation where she has no basis for filing a civil suit based on these complaints. We agree with the district court's conclusion that Briley's

lawsuit is foreclosed due to her failure to exhaust the available administrative remedies.

## III.

Accordingly, for the reasons stated above, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

11