# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

——————

No. 03-1651

——————

David Simmons,                              *
                                           *
          Appellant,                       *
                                           *   Appeal from the United States
     v.                                    *   District Court for the
                                           *   Eastern District of Missouri.
Paul Caspari,                              *
                                           *        [UNPUBLISHED]
          Appellee.                        *

——————

Submitted:  August 21,2003
Filed:  August 26, 2003

——————

Before RILEY, HANSEN, and SMITH, Circuit Judges.

——————

PER CURIAM.

Missouri inmate David Simmons appeals from the district court's[1] denial of his Federal Rule of Civil Procedure 60(b) motions requesting that the district court reopen its dismissal of his 28 U.S.C. § 2254 petition.  For reversal, Simmons argues the district court erred because it did not specifically state that it had conducted an inquiry and had concluded his allegations amounted to a second or successive habeas petition.  He also raises several arguments not included in his Rule 60(b) motions, which we decline to review.  See Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999).

——————

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

Upon careful review of the record, we reject Simmons's argument.  For the most part, Simmons's motions clearly attack his conviction and sentence, and thus were properly denied as an unauthorized second or successive habeas petition.  See 28 U.S.C. § 2244(b); cf. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (affirming denial of Fed. R. Crim. P. 12(b)(2) motion where motion was actually successive habeas petition which inmate did not request authorization to file).  To the extent that his Rule 60 motions raise fraud as grounds to set aside the dismissal of his section 2254 petition, his motions were untimely as they were not filed within one year of the dismissal.  See Fed. R. Civ. P. 60(b); Fed. Land Grant Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766-67 (8th Cir. 1989).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.