296 F.Supp.2d 1031 (2003)
George M. PRIOR, Plaintiff,
v.
John E. POTTER, Postmaster General, Defendant.
No. 4:02CV912 CDP.
United States District Court, E.D. Missouri, Eastern Division.
November 11, 2003.
*1032 *1033 Terry L. Pabst, Terry L. Pabst, P.C., Creve Coeur, MO, for Plaintiff.
Joseph B. Moore, Maria C. Sanchez, Office of U.S. Attorney, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
PERRY, District Judge.
George M. Prior brought this employment discrimination action against John E. Potter, the Postmaster General, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Specifically, Prior claims that the United States Postal Service ("USPS") failed to hire him, failed to promote him, and failed to train him because of his age, sex and religion. Potter has filed a motion to dismiss or, in the alternative, for summary judgment. After careful consideration of the facts and of the parties' briefs, I will grant Potter's motion to dismiss because Prior failed to exhaust his administrative remedies by not contacting an Equal Employment Opportunity counselor within the forty-five day time limit applicable to these claims.

FACTS
Plaintiff George Prior is a Protestant male over the age of forty. On November 19, 1996, Prior took the Postal Service test number 460. Prior achieved a score of 70.00 and was placed on the Postal Service hiring register, which is used to create hiring worksheets with the names and test scores of potential candidates to fill employment vacancies. Prior applied for a substitute rural carrier position with the postal facility in Troy, Missouri. Gene Setts, Postmaster of the Troy Post Office, informed Prior that there were no openings for a substitute carrier, but that his application would be kept on file.
In March 1997 and April 1997, two Temporary Relief Carrier ("TRC") positions became available at the Troy Post Office. TRC's are not required to take the Postal Service test. Glenda Vitro and Carla Saunchgrow, neither of whom had taken the test, were hired to fill these vacancies. Prior was not considered for these positions because there was no record that he had applied for a TRC position. Prior believed that by leaving his application on file with Stetts he had applied for the *1034 positions. In February 1998, Vitro and Saunchgrow took the Postal Service test, scoring 88.90 and 82.20, respectively. Their scores were then added to the hiring register.
On February 11, 1998, Prior applied for a TRC position at the Troy Post Office, and he was hired into that position on March 28, 1998. On March 30, 1998, Prior attended a new employee training course. Donna Balsano testified that the EEO process is verbally explained at the training, and that new employees receive a workbook with a chart that addresses EEO procedures. Prior testified that he has no recollection of the process being discussed at the training session.
On April 21, 1998, two Rural Carrier Associate ("RCA") positions became available at the Troy Post Office. Vitro and Saunchgrow were selected to fill the vacancies. Defendant stated that Prior was not considered for these positions because he failed to respond to defendant's call-in notice. Prior contends that he did respond to the notice by going to the Troy Post Office to meet with Francis Sorice, who had become Postmaster of the Troy Post Office in May 1997. Sorice was not present at the time, and the office manager, Joyce Kuda, allegedly told Prior that he could disregard the notice because he already worked at the Troy Office. During the first week in May, Prior showed the notice to Sorice who advised Prior that the notice needed to be completed and sent to the St. Louis office or Prior's name would be removed from the hiring register. Prior signed the notice and Sorice forwarded it to St. Louis.[1]
On May 20, 1998, Diane Barber and Stacy Jennings took the Postal Service test. Barber scored 75.50 and Jennings scored 79.90. Their names were then added to the hiring register. When two RCA positions opened on July 27, 1999, Barber and Jennings were hired to fill them. Once again, Prior was not considered for the position, this time because his score on the postal exam had expired on December 4, 1998. Prior testified that he was not considered for this position because his name was moved to inactive status on the hiring register because Sorice failed to properly complete the April 21, 1998 notice.[2] After this hiring decision, Prior spoke to Sorice about the hiring of Barber and Jennings. In May 1999, Prior also spoke to Sorice about training on other routes so that he could get more work.
On October 26, 1999, Prior again took the postal exam, this time scoring 70.20. His name was then added to the hiring register. Around the same time, Prior spoke with Mary Johnson, a USPS Human Resources Specialist, at the St. Louis USPS office, regarding employment decisions at the Troy Post Office. Johnson testified that she told Prior she would investigate the matter, and that later she talked to Sorice about promoting Prior to a RCA position. She also stated that she told Sorice to backdate Prior's seniority to predate the seniority dates of Vitro and Saunchgrow.
On January 12, 2000, another RCA position became available at the Troy Post Office. Prior was hired for that position. Prior complained to Sorice on February 28, 2000 about his seniority status. Prior wanted his seniority to predate Vitro's and Saunchgrows.' Sorice told him to file a grievance. On March 10, 2000, Prior *1035 sought EEO counseling for the first time. At all relevant times, the Troy Post Office displayed a poster that outlined the EEO process, including the forty-five day requirement. The poster was on a bulletin board located near the restrooms that was used for posting employee information. The information on the poster included who could request EEO counseling, when the request needed to be made, how to request counseling, and where the counseling office was located.

DISCUSSION
Potter seeks dismissal of this action for lack of subject matter jurisdiction in accordance with Fed.R.Civ.P. 12(b)(1) because Prior allegedly failed to exhaust his administrative remedies, specifically because he did not seek EEO counselling within forty-five days of any of the alleged acts of discrimination. In the alternative, Potter seeks summary judgment on all of Prior's discrimination claims. Prior argues that he properly exhausted his administrative remedies, and that even if he did not timely file his grievance, the doctrines of equitable tolling or estoppel should apply. In addition, Prior contends that genuine issues of material fact remain under the burden shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Because I find that Prior failed to exhaust his administrative remedies, I will not reach the merits of his discrimination claims.
Plaintiffs bringing Title VII or age discrimination claims must first exhaust all available administrative remedies. 29 C.F.R. § 1614.105(a)(1). Employees of the federal government who believe they have been discriminated against "must consult a [n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. 1614.105(a); Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir.2000). These employees "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). If an aggrieved employee can show he "was not notified of the time limits and was not otherwise aware of them," he may be absolved from any failure to comply with the 45-day filing deadline. Id. § 1614.105(a)(2); Bailey, 208 F.3d at 654.
Title VII and ADEA claims may be subject to equitable tolling and estoppel when equity so requires. See Briley v. Carlin, 172 F.3d 567, 570 (8th Cir.1999). Equitable tolling will extend a deadline missed due to an employee's excusable ignorance, but the doctrine is precluded once it is shown that the employee was generally aware of his rights. Id. Equitable tolling is not available when it is shown that the employee has general knowledge of the right not to be discriminated against or the means of obtaining such knowledge. Id. If an employer complied with relevant posting regulations, the employee's assertion that he never saw any notices will not toll the limitations period. Hrzenak v. White-Westinghouse Appliance Co., 682 F.2d 714, 719 (8th Cir.1982).
Equitable estoppel only applies when a defendant takes active steps to prevent a plaintiff from suing on time. Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir.1995). A limitations period will not be modified on the basis of equitable estoppel unless "the employee's failure to file in timely fashion is the consequence of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." Id. at 1329. Estoppel will be invoked when a plaintiff is aware of his cause of action, but is "lulled or tricked into letting the EEOC filing deadline pass because of some employer misconduct." *1036 Id. at 1329; Dorsey v. Pinnacle, 278 F.3d 830, 835 (8th Cir.2002).
In this case, Potter argues that Prior failed to consult an EEO Counselor within the requisite forty-five day time period. In his complaint, Prior claims that USPS failed to hire him, failed to promote him and failed to train him on other routes. Under the regulations, Prior's forty-five days began to run upon the happening of each of these events. Prior alleges failure to hire in April 1997 and May 1997. Therefore, he had forty-five days from the date of each of those hiring decisions to seek EEO counseling. In addition, Prior claims that USPS failed to promote him on April 21, 1998 and July 27, 1999. Again, Prior had forty-five days after these decisions were made to speak to an EEO Counselor. Furthermore, Prior clearly felt he was being discriminated against with respect to training as early as May 1999 when he spoke to Sorice about getting trained on new routes so he could get more work. Yet, Prior did not consult an EEO counselor about this matter until February 2000, well outside of the applicable time limit.
Moreover, neither equitable tolling nor equitable estoppel apply to extend Prior's time to see a counselor. Prior first argues that tolling should apply because he was unaware of the EEO process before March 10, 2000. The uncontroverted evidence shows, however, that the Troy Post Office in which Prior worked displayed a poster on the wall describing the EEO processincluding the forty-five day time limitat all times relevant to this action. In addition, Prior was either given verbal notice of the process in training, or at the very least, he received written notice in the new employee workbook he received at that training. The fact that Prior does not recall learning about the EEO process is not enough to toll the forty-five day period. Therefore, equitable tolling cannot apply.
Prior next argues that equitable estoppel applies because Sorice allegedly advised Prior that he would look into his situation and take care of it. Prior also stated that Johnson led him to believe that the situation would be corrected. Prior contends that in making these representations, USPS knew that he would refrain from filing a claim of discrimination. Even if Sorice and Johnson did lead Prior to believe that the situation would be resolved, the conversations Prior had with these individuals took place in 2000, long after the alleged acts of discrimination had occurred and long after Prior's forty-five days to speak with a counselor had passed. Consequently, Prior cannot now claim that he was lulled into allowing the deadline pass.
Accordingly,
IT IS HEREBY ORDERED that defendant John E. Potter's motion to dismiss, or in the alternative, for summary judgment [# 40] is granted, and this case is dismissed with prejudice.
A separate judgment in accord with this Memorandum and Order is entered this same date.

JUDGMENT
In accordance with the Memorandum and Order entered this same date,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that defendant shall have summary judgment against plaintiff, that plaintiff shall take nothing on his complaint, and his complaint is DISMISSED with prejudice. Plaintiff shall bear any taxable costs of this action.
NOTES
[1] Prior stated that Sorice backdated the notice to April 28, 1998, that Sorice failed to properly complete the notice, and that Sorice did not send the notice to St. Louis until May 28, 1998.
[2] It is not clear from Prior's briefs or supporting exhibits exactly when he was removed from the hiring register.