# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2352

_____

| | | |
|---|---|---|
| Fred B. Jackson, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| Rheem Manufacturing Company, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted:  February 6, 2004

Filed:  March 9, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Fred Jackson, an African-American, appeals from the district court's[1] order dismissing Jackson's amended complaint and granting summary judgment to his former employer, Rheem Manufacturing Company (Rheem), in this employment-discrimination suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  We affirm.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

In March 2002, Jackson filed a complaint alleging that Rheem disciplined Jackson for conduct for which white employees were not disciplined, and that Rheem discriminated against him because of his race and in retaliation for having previously filed discrimination lawsuits against Rheem. He later filed an amended complaint, alleging that he had been suspended and discharged. His amended complaint was never served on Rheem, and the district court granted Rheem's motion to dismiss it. The court also ruled that Jackson's original complaint could not be construed to include any claim of discriminatory or retaliatory discharge.

On appeal, Jackson does not challenge the dismissal of his amended complaint, but argues the district court erred in ruling that his discharge claim was not presented in his original complaint. We disagree. The original complaint did not refer to Jackson's discharge.

The following undisputed evidence was presented below. Jackson worked in Rheem's shear department, where pieces of sheet metal (called blanks) were cut to dimensions specified by routing orders. Jackson primarily worked on press eleven, which was in poor condition and was difficult to operate. From February 2000 to February 2002, Jackson cut blanks to incorrect dimensions nine times. For these miscuts, Jackson was informally counseled, formally warned, and eventually suspended by his supervisor Tony Almond. During this same period, no other employee in the shear department had more than two miscuts. Jackson was also formally warned for instances of insubordination and excessive idle time on his shear machine. After again miscutting blanks in late February 2002, Jackson was discharged in March for poor work performance.

Reviewing the record de novo, we conclude summary judgment was proper. See Harvey v. Anheuser-Busch, Inc., 38 F.3d 968, 971 (8th Cir. 1994) (standard of review). Even assuming the reprimands, warnings, and suspension that Jackson received for miscutting blanks were adverse employment actions, Jackson failed to

demonstrate that Rheem's legitimate, nondiscriminatory reason for disciplining him--his poor work performance--was a pretext for race discrimination. See id. at 971-72 (when plaintiff presents no direct evidence of discrimination, the critical summary judgment inquiry is whether plaintiff came forward with sufficient evidence that defendant's nondiscriminatory reason was pretext or unworthy of credence; to support claim of pretext, plaintiff has burden of proving he and disparately treated employees were similarly situated in all relevant aspects). Jackson did not rebut Rheem's evidence that he miscut blanks more frequently than any other employee. See id. at 972 (employees are similarly situated when they are involved in same offense but are disciplined in different ways; to be probative evidence of pretext, misconduct of more leniently disciplined employees must be of comparable seriousness). Jackson presented his own and his co-workers' generalized attestations that he was singled out for criticism and subjected to rigorous supervision, but he did not present any specific evidence that white employees were miscutting blanks without detection (because they were less closely supervised), or were disciplined more leniently for miscutting blanks. See Stanback v. Best Diversified Products, Inc., 180 F.3d 903, 909 (8th Cir. 1999) (general statements in affidavits and deposition testimony are insufficient to withstand properly supported motion for summary judgment).

We note that Jackson does not challenge the grant of summary judgment on his retaliation claim. In addition, we need not address Jackson's argument that Rheem's conduct created a hostile work environment because this claim was not presented below. See Briley v. Carlin, 172 F.3d 567, 571 (8th Cir. 1999) (arguments raised for first time on appeal need not be addressed).

Accordingly, we affirm.

_____