United States Court of Appeals,

Fifth Circuit.

No. 96-30731.

Michael FITZGERALD, Plaintiff-Appellant,

v.

SECRETARY, UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,
Defendant-Appellee.

Sept. 5, 1997.

Appeal from the United States District Court for the Western
District of Louisiana.

Before JOLLY, DUHÉ and EMILIO M. GARZA, Circuit Judges.

DUHÉ, Circuit Judge:

Michael Fitzgerald appeals the district court's dismissal of
his Title VII suit for failure to exhaust administrative remedies.
We affirm.

I

Plaintiff-Appellant Michael Fitzgerald, a black male, was
employed as a pharmacy technician at a Department of Veterans
Affairs (the "VA") medical center in Shreveport, Louisiana. In the
spring of 1992, Fitzgerald was allegedly harassed at work by a
white female pharmacist. Fitzgerald maintains that the pharmacist
uttered racial slurs about him; ordered him to perform job-related
tasks that had already been completed; and falsely accused him of
putting his hands around her throat, threatening to kill her, and
shooting another co-worker's house with a firearm.

Fitzgerald filed a formal complaint of discrimination with the
director of the VA medical center in Shreveport. After conducting

1

an investigation into Fitzgerald's claims, the VA, in December 1992, sent Fitzgerald a "certified offer of full relief" pursuant to 29 C.F.R. §§ 1614.107(h), 1614.501. In the offer of full relief, the VA promised to: (1) provide Fitzgerald with "a fair and equitable work environment free from harassment or any other discrimination"; (2) ensure that Fitzgerald would not have to work on the same shift as his harasser; and (3) formally discipline Fitzgerald's harasser. Notably, the offer of full relief did not contain any offer of compensatory damages.

Fitzgerald did not accept the agency's offer of relief, and pursuant to 29 C.F.R. § 1614.107(h), the VA subsequently dismissed his complaint. After the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations affirmed the VA's dismissal, Fitzgerald filed suit.

The magistrate judge analyzed the VA's settlement offer and concluded that it was, in fact, an offer of full relief because: (1) Fitzgerald received injunctive relief that effectively eliminated the harassment, and (2) compensatory damages were not available to federal employees under Title VII. The magistrate judge thus recommended that Fitzgerald's complaint be dismissed because the rejection of an offer of full relief constitutes a failure to exhaust administrative remedies, which is a necessary prerequisite to filing a civil suit. *See Francis v. Brown,* 58 F.3d 191, 192-93 (5th Cir.1995); *Wrenn v. Secretary, Dep't of Veterans Affairs,* 918 F.2d 1073, 1078 (2d Cir.1990). The district court agreed, and dismissed the suit. In an unpublished opinion,

2

however, we reversed the judgment of the district court because compensatory damages *are* generally available to Title VII claimants for conduct occurring after the effective date of the Civil Rights Act of 1991, as is the case here. *See Fitzgerald v. Brown,* 58 F.3d 636 (5th Cir.1995) (table) (citing *Landgraf v. USI Film Prods.,* 511 U.S. 244, 247-49, 114 S.Ct. 1483, 1488, 128 L.Ed.2d 229 (1994)).

On remand, the district court again dismissed the suit. The court reasoned that even though compensatory damages may be available to Title VII claimants during the administrative process, Fitzgerald never asked for such damages during the administrative stage of his case. Because it found that Fitzgerald never petitioned the VA or the EEOC for compensatory damages, the court again concluded that the VA's offer fully responded to Fitzgerald's claims and was thus an offer of full relief. It therefore held that Fitzgerald's rejection of an offer of full relief constituted failure to exhaust his administrative remedies. *See Francis,* 58 F.3d at 193; *Wrenn,* 918 F.2d at 1078. Fitzgerald appeals.

II

A

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.,* prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment. Title VII grants an aggrieved federal employee the right to file suit in federal district court, *see* 42 U.S.C. § 2000e-16(c), but before bringing suit, an employee must exhaust his administrative remedies against his federal employer. *See Francis,*

3

58 F.3d at 192; *Brown v. General Servs. Admin.,* 425 U.S. 820, 832–33, 96 S.Ct. 1961, 1967–68, 48 L.Ed.2d 402 (1976). If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim. *See Porter v. Adams,* 639 F.2d 273, 276 (5th Cir.1981) (noting that exhaustion is "an absolute prerequisite" to suit under § 2000e-16); *Edwards v. Department of the Army,* 708 F.2d 1344, 1346 (8th Cir.1983).

Under the purview of Title VII, the EEOC has promulgated regulations designed to resolve claims of discrimination at the administrative level; these regulations set forth procedures by which federal employees must pursue charges of discrimination. Federal employees claiming illegal discrimination need first consult with an EEO counselor within the employing agency. *See* 29 C.F.R. § 1614.105(a). If the EEO counselor is unable to resolve the matter informally, the counselor notifies the employee of his right to file a formal administrative complaint with the employing agency. *See id.* § 1614.105(d). After investigating the complaint, the employing agency may attempt to settle the matter by making an offer of "full relief" to the complainant. *See id.* §§ 1614.107(h), 1614.501. Full relief may include, "but need not be limited to," nondiscriminatory placement with back pay and interest, the elimination of any discriminatory practices, cancellation of unwarranted personnel action, and full opportunity to participate in the employee benefit previously denied. *See id.* § 1614.501(a), (c).

If the complaining employee refuses to accept an offer that

4

has been certified as an offer of "full relief" by the EEOC, the employing agency must dismiss the employee's complaint. *See id.* § 1614.107(h). The employee may then seek EEOC review of the dismissal, *see id.* § 1614.401, and may also bring suit in federal district court. *See* 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.408. If, upon *de novo* review, the district court also concludes that the agency's offer constitutes full relief, then the court must dismiss the complaint for failure to exhaust administrative remedies. *See Francis,* 58 F.3d at 193 & n. 1 ("Therefore, we hold that a federal employee fails to exhaust his administrative remedies when he rejects a settlement offer for full relief on the specific claims he asserts.").

B

On appeal, Fitzgerald contends that the VA's settlement proposal was not an offer of full relief because it did not offer him compensatory damages for emotional injuries that allegedly led to his hospitalization. Although Fitzgerald recognizes that he never specifically asked the VA or the EEOC for compensatory damages, he argues that Title VII claimants can obtain compensatory damages for emotional injuries only in actions brought in federal district court, not in administrative proceedings. He therefore maintains that he cannot be faulted for failing to ask the VA for compensatory damages because it is beyond the power of the VA to offer such. *Cf. Marsh v. Jones,* 53 F.3d 707, 710 (5th Cir.1995) (holding that state prisoner seeking only monetary damages in § 1983 suit need not exhaust administrative remedies pursuant to §

5

1997e if such remedies do not provide for the award of monetary relief). Fitzgerald also contends that it would be fundamentally unfair to require employees, who are often unassisted by counsel during the administrative process, to bear the burden of specifically pleading for damages. We find neither contention persuasive.

1

Although no federal circuit court has addressed the issue, we hold that administrative agencies may offer compensatory damages for emotional injury to federal employees pursuing a Title VII claim. A textual analysis of Title VII supports our view. Title 42 U.S.C. § 1981a(a)(2) provides that a party may recover compensatory damages against an employer in an "action" brought pursuant to 42 U.S.C. §§ 2000e-5 or 2000e-16. *See* 42 U.S.C. § 1981a(a)(2). Nowhere does Title VII define whether the term "action" refers to a district court suit, an administrative proceeding, or both. Regardless, the text of Title VII's remedial provisions demonstrates that compensatory damages are available in administrative proceedings. First, § 2000e-16(a) is a broad anti-discrimination provision prohibiting discrimination in federal employment. *See id.* § 2000e-16(a). Section 2000e-16(b) grants the EEOC wide-ranging authority to enforce the anti-discrimination provisions of subsection (a) through "appropriate remedies, including reinstatement or hiring of employees with or without back pay." *See id.* § 2000e-16(b). That subsection also directs the EEOC to "effectuate the policies of this section, and ... issue

6

such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under this section." *Id.* We think that this mandate, as described in § 2000e-16(b), is sufficiently broad to allow the EEOC to offer—or to certify or approve an administrative agency's offer of full relief that includes compensatory damages for emotional injuries. In addition to specifically authorizing back pay, which is a form of compensatory damages, the statute charges the EEOC to adopt measures that it deems "necessary and appropriate." When a federal employee suffers harm that may be remedied by compensatory damages, it is certainly necessary and appropriate for the EEOC to grant such relief. Given that the purpose of Title VII is to make injured claimants whole, *see Albemarle Paper Co. v. Moody,* 422 U.S. 405, 419, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975), we do not believe that Congress would have created an administrative process capable of providing only partial relief.

Moreover, to hold that compensatory damages are available only in civil actions brought in federal district court would be antithetical to the exhaustion requirement. Congress created the EEOC and established administrative procedures so that aggrieved employees could "settle disputes through conference, conciliation, and persuasion" before they are permitted to file lawsuits. *See Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974). If complainants could receive compensatory damages only in district court, they would be encouraged either to "intentionally bypass the administrative

process and go straight to district court or perfunctorily go through the administrative process and then seek judicial review to obtain full relief." *McAdams v. Reno,* 858 F.Supp. 945, 951 (D.Minn.1994) (finding that compensatory damages are available in administrative proceedings), *aff'd on other grounds,* 64 F.3d 1137 (8th Cir.1995).

Our holding is also consistent with the practice of the EEOC, which specifically held that compensatory damages are available in administrative proceedings. *See Jackson v. United States Postal Service,* EEOC Appeal No. 01923399 (Nov. 12, 1992). We afford considerable weight and deference to an agency's interpretation of a statute it administers if Congress has not spoken directly to the precise question at issue. *See Iredia v. Immigration and Naturalization Serv.,* 981 F.2d 847, 848 (5th Cir.1993) (citing *Chevron, U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844-45, 104 S.Ct. 2778, 2782-83, 81 L.Ed.2d 694 (1984)). Moreover, citing *Jackson,* the EEOC has repeatedly stated that an administrative agency may offer compensatory damages to Title VII claimants. *See, e.g., Johnson v. Department of the Treasury,* EEOC Appeal No. 01966242, 1997 WL 377519 (Jul. 1, 1997); *Price v. United States Postal Serv.,* EEOC Appeal No. 01945860, 1996 WL 600763 (Oct. 11, 1996); *Reesey v. Department of the Army,* EEOC Appeal No. 01953812, 1995 WL 702369 (Nov. 9, 1995); *Coger v. Department of Veterans Affairs,* EEOC Appeal No. 01941390, 1995 WL 80077 (Feb. 21, 1995); *Sussman v. Department of Health and Human Servs.,* EEOC Appeal No. 01941579, 1994 WL 733870 (Jul. 29, 1994);

*Haynes v. United States Postal* Serv., EEOC Appeal No. 01922811, 1993 WL 762904 (Dec. 14, 1993).

2

Having held that compensatory damages are available in administrative proceedings, we turn to the question whether the VA's settlement offer constituted full relief. We review this question *de novo. See Francis,* 58 F.3d at 193 n. 1.

In *Francis v. Brown,* we held that a "federal employee fails to exhaust his administrative remedies when he rejects a settlement offer for full relief *on the specific claims he asserts.*" 58 F.3d at 193 (emphasis added). Implicit in our holding is the proposition that a settlement offer is one of full relief if it adequately resolves the particular claims that an *aggrieved employee asserts.* The employee bears the initial burden of notifying his employing agency of the specific relief sought, and here again, we emphasize that a complainant may only receive relief for that which he asks. Indeed, it would be contrary to the purpose of the exhaustion requirement to allow a claimant to pursue a claim in district court that he failed to raise during the administrative investigation. The exhaustion doctrine requires a good faith effort by the aggrieved employee to provide all relevant and available information to the investigating agency. *See Munoz v. Aldridge,* 894 F.2d 1489, 1492-93 (5th Cir.1990). Administrative agencies should not be forced to guess at the relief sought.

We note that the employee need not present his claim for compensatory damages in a legal or technical manner. He must,

9

however, inform the employing agency or the EEOC of the *particular facts of the case* that demonstrate that he has suffered an emotional and/or mental injury that requires the payment of compensatory damages to make him whole. Such facts obviously must demonstrate more than the mere fact of forbidden discrimination or harassment. We do not seek to place an undue burden on Title VII claimants, who often proceed *pro se* during the administrative investigation. Even a *pro se* claimant, however, should recognize the importance of informing the employing agency or the EEOC of the pertinent facts of his complaint and injury. Once the agency is put on notice of facts that may justify an award of compensatory damages, the burden shifts to the employing agency to investigate the claim for compensatory damages. For example, if the claimant notifies the agency that he was hospitalized as a result of illegal harassment, then an offer of full relief must either offer to reimburse the employee for the damages sustained or otherwise explain why damages are not being offered.

In the instant case, Fitzgerald had numerous opportunities to inform the VA or the EEOC of any damages that he had sustained, but he repeatedly failed to do so. His first opportunity arose when he filed his formal complaint of discrimination with the VA. In this handwritten form, Fitzgerald briefly described the acts of discrimination that he had faced and indicated that he sought a "complete investigation, and appropriate action taken." Nowhere did Fitzgerald mention that he had suffered emotional injuries resulting in hospitalization, and he did not request any form of

10

monetary compensation.

After investigation, the VA mailed to Fitzgerald a certified offer of full relief. As stated in the offer, the VA promised to: (1) provide Fitzgerald with a "fair and equitable work environment" free from discrimination; (2) ensure that Fitzgerald would not be assigned to work on the same shift as the harasser; and (3) formally discipline the harasser. It did not offer to pay Fitzgerald any form of monetary compensation. Further, the offer informed Fitzgerald that if he refused to accept the offer within 30 days, his complaint would be dismissed. Notably, Fitzgerald was also advised that he could call the director of the medical center to discuss the offer of relief. The record contains no evidence that Fitzgerald ever made such a call.

After Fitzgerald failed to respond to the offer of full relief within 30 days, the VA informed him of its final decision to dismiss his complaint. In this missive, the VA also advised Fitzgerald that he had the right to appeal the VA's decision to dismiss his claim. After Fitzgerald filed his notice of appeal, the EEOC informed him of his right to file any statement or other material in support of the appeal. The record indicates, however, that Fitzgerald filed his appeal without comment. Again, we emphasize that Fitzgerald had the opportunity to inform the EEOC as to why the certified offer of full relief was inadequate, but he failed to do so.

The EEOC decision affirming the VA's dismissal of the complaint also apprised Fitzgerald that the EEOC might reconsider

11

its decision if Fitzgerald were to submit a written request containing argument or evidence tending to establish, *inter alia,* that: "[n]ew and material evidence is available that was not readily available when the previous decision was issued;" or "the previous decision involved an erroneous interpretation of law, regulation or material fact...." The record does not show that Fitzgerald requested reconsideration.

As we noted in *Francis,* 58 F.3d at 193, a claimant "is not entitled to relief outside the scope of his claim." Our review of the record discloses that Fitzgerald made no effort to notify either the VA or the EEOC of the particular circumstances of his Title VII claim that might warrant an offer of compensatory damages. The VA's settlement offer fully disposed of those concerns actually presented by Fitzgerald, and as such, it was an offer of full relief. Because Fitzgerald rejected an offer of full relief, he has failed to exhaust his administrative remedies, *see Francis,* 58 F.3d at 193, and we affirm the district court's order dismissing his civil suit.[1]

--------

[1]Fitzgerald asserts on appeal that the VA and the EEOC were aware that he had been hospitalized as a result of the harassment. The record, however, discloses no such evidence. In his brief, Fitzgerald is unable to cite to any portion of the record that indicates that the investigating agencies were aware of his damages. In oral argument, Fitzgerald points only to the affidavit of Shirley Carson, a medical center nurse assistant who represented Fitzgerald during the administrative process. In this affidavit, Carson states the following:

> I attended a meeting that Mr. Robert Dawson (the Medical Center Director) and Mr. Fitzgerald attended. In the meeting, the Director discussed Mr. Fitzgerald's EEO complaint and offered relief to Mr. Fitzgerald. Mr. Fitzgerald did not tell the Director that Mr.

12

III

Fitzgerald also appeals the district court's denial of his motion to amend his complaint to include state-law claims against the pharmacist who allegedly harassed him. We review the denial of a motion to amend the complaint for abuse of discretion. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996). The magistrate judge recommended denying Fitzgerald's motion because it was filed long after Louisiana's one-year prescription period for tort actions. *See* La. Civ.Code art. 3492. We agree.

First, Fitzgerald's contention that the pharmacist's actions constituted a continuing tort that interrupted the limitations period are without merit because he does not allege that the pharmacist continued her racist and harassing behavior at any point after May 1992. Fitzgerald also contends that because the Secretary and the pharmacist are solidary obligors, his filing of

Fitzgerald wanted money as compensation for the harassment. After the meeting, Mr. Fitzgerald told me he wanted money as compensation. Mr. Fitzgerald told me he did not believe it was his responsibility to ask for money. He said it was the duty of the Medical Center Director to offer money. I told no one he wanted compensatory damages. Mr. Fitzgerald told no one in my presence that he wanted compensatory damages.

This affidavit does not demonstrate that the VA or EEOC investigators knew that Fitzgerald sought monetary damages; in fact, it is telling evidence to the contrary. Further, even if we were to assume, for the sake of argument, that someone in the VA knew that Fitzgerald had been hospitalized as a result of his harassment, we recently held that "a plaintiff who cooperates during the investigation of her informal complaint but refuses to cooperate after filing a formal complaint" may not rely on her cooperation during the informal investigation to satisfy the exhaustion requirement. *See Barnes v. Levitt*, 118 F.3d 404, 409-10 (5th Cir.1997).

the administrative claim against the Secretary within one year of the tortious conduct interrupts prescription against the pharmacist. *See* La. Civ.Code art. 1799 ("The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."). As the magistrate judge noted, however, even assuming, *arguendo,* that the Secretary and the pharmacist are solidary obligors, Fitzgerald points to no authority for the proposition that the filing of an *administrative* complaint against the Secretary interrupts the prescription period. *See* La. Civ.Code art. 3462 (stating that prescription is interrupted when "the obligee commences action against the obligor, in a *court* of competent jurisdiction and venue" (emphasis added)).

Finally, Fitzgerald argues that by making an offer of full relief, the VA "acknowledged" his claims, thereby interrupting the prescription period. *See* La. Civ.Code art. 3464. The Louisiana courts have repeatedly held, however, that an offer to settle a disputed claim should not be deemed an acknowledgment that interrupts prescription pursuant to art. 3464 unless it is unconditional and admits liability. *See, e.g., Wright v. Louisiana-Pacific Corp.,* 662 So.2d 853, 856 (La.Ct.App.1995). In this case, the VA does not admit liability, for it has never acknowledged that discrimination occurred.

Therefore, we conclude that the district court did not abuse its discretion in denying Fitzgerald's motion to amend his complaint.

IV

14

For the foregoing reasons, the district court's order dismissing Fitzgerald's suit is affirmed.

AFFIRMED.