# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 99-31333
(Summary Calendar)

J.D. HOLLOWAY; ET AL

Plaintiffs

DOROTHA W. HOLLOWAY

Plaintiff-Appellant

versus

LOUIS CALDERA, Secretary of the Army

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(1:98-CV-1768)

July 6, 2000

Before HIGGINBOTHAM, DEMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Dorotha Holloway appeals the district court's dismissal of this Title VII suit for failure to exhaust

administrative remedies. We affirm, for the reasons assigned.

FACTS AND PROCEEDINGS

Plaintiff-Appellant Dorotha Holloway was employed by Defendant-Appellee U.S. Army Corps of

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Engineers ("the Corps") from June 13, 1995 until November 9, 1996. Her husband, J.D. Holloway was also employed full time by the Corps for 17 years until he resigned on November 28, 1997.

Plaintiffs claimed that Mrs. Holloway was the victim of sexual harassment by her immediate supervisor, Jasper Hampton, from approximately May of 1996 to July 12, 1996. They claimed that she complained to a second-tier supervisor, Ed Martin, who failed to take any action, also alleging that Martin had not been adequately trained on how to treat sexual harassment claims. In addition, they claimed that Martin reported the situation to Jasper himself on July 31, 1996 who then confronted Mrs. Holloway about the matter.

The parties stipulated that Mrs. Holloway contacted her third level supervisor, James Coldiron on July 31, 1996 and that he came to Mrs. Holloway's workplace the next day to investigate and take her statement. The parties also agreed that Mrs. Holloway contacted her union representative, David Orr, and requested his presence at the meeting. What ensued at the meeting is a point of contention. The Holloways claimed that Mr. Coldiron refused to take a statement from Mrs. Holloway and promptly left the premises. The Corps claimed that Mr. Coldiron tried to take the statement but that Mrs. Holloway would not cooperate. The parties agreed however, that following a meeting between the Holloways and various Corps officials on October 3, 1996, Mr. Hampton was transferred to a different facility, thus out of the supervision of Mrs. Holloway.

Plaintiffs claimed that Mrs. Holloway suffered reprisal as a result of her complaint, that she suffered adverse changes in her employment and that her temporary contract for employment was not renewed as a result of filing her complaint. Plaintiffs filed suit in the United States District Court for the Western District of Louisiana, claiming that Mrs. Holloway had been the victim of employment discrimination, sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.* Mr. Holloway also filed suit as a plaintiff alleging loss of consortium as a result of the alleged sexual harassment of his spouse. The Corps filed a motion for summary judgment arguing that plaintiffs could not make out a retaliation claim

because Mrs. Holloway had not suffered any tangible adverse employment action. The Corps also argued that neither was Mrs. Holloway the victim of a hostile work environment because the Corps acted responsibly in addressing the situation, and that she unreasonably failed to avail herself of the remedial opportunities which were in place. Only Mrs. Holloway filed a Notice of Appeal from the district court's grant of summary judgment in favor of the Corps, finding that plaintiffs failed to exhaust their administrative remedies.

DISCUSSION

This Court evaluates a district court's decision to grant summary judgment by reviewing the record under the same standards the district court applied to determine whether summary judgment was appropriate. *See Walker v. Thompson*, 2000 WL 764008, 6 (5th Cir.(Tex.)) Therefore, the summary judgment will be affirmed only when this Court is "convinced, after an independent review of the record, that "there is no genuine issue as to any material fact' and that the movant is entitled to judgment as a matter of law." *Id.* (quoting *Brooks, Tarlton, Gilbert, Douglas & Kressler v. United States Fire Ins. Co.*, 832 F.2d 1358, 1364 (5th Cir.1987) and Fed.R.Civ.P. 56(c)). Questions of law are reviewed *de novo*. *Id.*(internal citation omitted).

The district court granted the Corps' motion to dismiss on the basis that Mrs. Holloway failed to exhaust her administrative tort remedies before filing suit in federal court based on claims of employment discrimination, citing only our decision in *Fitzgerald v. Secretary U.S. Dept. of Vet. Affairs,* 121 F.3d 203, 206 (5th Cir. 1997), and 29 C.F.R. §1614.105 and §1614.107.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*., prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment. Title VII grants an aggrieved federal employee the right to file suit in federal district court, *see* 42 U.S.C. §2000e-16(c), but before bringing suit, an employee must exhaust his or her administrative remedies against the federal employer. *See Id.* 29 C.F.R. §1614 governs claims of discrimination as well as claims of retaliation for opposing any practice made unlawful by Title

3

VII.  Under the purview of Title VII, the EEOC has promulgated a well-defined administrative dispute resolution system to cover matters of alleged employment discrimination.First a complaint must be initiated with the agency that allegedly discriminated. 29 C.F.R. §1613.106(a). After 180 days, if there has been no final agency decision, the complainant can file an action in federal district court. 29 C.F.R. §1614.107.  After the issuance of a final decision by the agency, the complainant may either file an action in federal district court or appeal to the EEOC. 29 C.F.R. §1614.110.  If an appeal to the EEOC is taken, the complainant must wait 180 days for a final decision by the EEOC, after which the aggrieved party may file in federal district court. 29 C.F.R. §1614.408.  If a federal employee fails to exhaust administrative remedies, the district court cannot adjudicate the employee's Title VII claim. *See Porter v. Adams*, 639 F.2d 273, 276 (5th Cir.1981)(exhaustion is "an absolute prerequisite" to suit under §2000e-16).

On July 31, 1996 Mrs. Holloway complied with the initial reporting of her claim by speaking to her third-tier supervisor, James Coldiron. Within 45 days, as required by C.F.R. § 1614.105(a) Mrs. Holloway contacted Ruth Dement, an EEO Officer and initiated a sexual harassment complaint.  Within 15 days of receipt of notice, Mrs. Holloway filed a written complaint of discrimination in accordance with 29 C.F.R. §1614.105(d), re-urging the factual basis set forth in the initial complaint and also requesting compensatory damages.  Mrs. Holloway also filed an informal complaint of reprisal, which was investigated by EEO Officer Eunice Polk, and a formal complaint for reprisal was subsequently filed.

On January 5, 1998 EEO officer Ruth Dement advised Mrs. Holloway by letter that she had 30 days from receipt of the report to request a hearing before an EEOC administrative judge or a final agency decision.  Mrs. Holloway made a timely request for a hearing before an EEOC administrative judge.  Although the Corps was aware of Mrs. Holloway's sexual harassment claim, at no point did the employer receive notice of any tort claim by either of the Holloways. (Affidavit of G. Rogers Sloan, Claims Attorney for Vicksburg District, United States Army Corps of Engineers.)

4

On July 27, 1998 Mrs. Holloway made a request for a "right to sue" letter, and was promptly advised that right to sue letters are not issued in federal sector cases. 29 C.F.R. §1614. Mrs. Holloway was advised that she could forgo a hearing and file in court. On September 18, 1999 a civil action was filed by Mr. and Mrs. Holloway in federal district court. The complaints before the EEOC were dismissed. 29 C.F.R. §1414.107(3).

In most respects, Mrs. Holloway complied with the procedures relevant to exhausting her administrative remedies. She erred however in not reporting to her employer, that she would be seeking damages in connection with her tort claims for mental anguish, emotional distress and humiliation. Claims for such relief fall under the rubric of compensatory damages and can be filed under the Federal Tort Claims Act, 28 U.S.C. 2675, and although 29 C.F.R.§1614 is silent on the issue of right of recovery of compensatory damages, they were made available against federal agencies under the Civil Rights Act of 1991. *See Togo West, Secretary of Veteran Affairs v. Michael Gipson,* 572 U.S. 212, 119 S.Ct. 1906, 144 L.Ed.2d 196 (1999)(affirming our logic and reasoning in *Fitzgerald.)*

Our decision in *Fitzgerald,* affirmed the EEOC practice of granting compensatory damages for emotional injury to federal employees in Title VII claims. *Fitzgerald,* 121 F.3d at 206 ("When a federal employee suffers harm that may be remedied by compensatory damages, it is certainly necessary and appropriate for the EEOC to grant such relief.") In *Fitzgerald*, unlike in the case at bar, we addressed a scenario whereby the plaintiff was offered, and failed to respond to, a certified offer of full relief from his employer.[1]

It is debatable as to whether the Corps' prompt removal of Mr. Hampton as Mrs. Holloway's supervisor constituted full relief. In any event, although it is apparent that Mrs. Holloway made

---

[1] The United States Department of Veterans Affairs promised to: (1) provide Fitzgerald with a "fair and equitable work environment" free from discrimination; 2) ensure that Fitzgerald would not be assigned to work on the same shift as the harasser; 3) and formally discipline the harasser. It did not offer to pay Fitzgerald any form of monetary compensation. Fitzgerald did not appeal the decision to dismiss his complaint noting his request for compensatory damages, or inform the EEOC as to why the relief was inadequate. *See Fitzgerald*, 121 F.3d at 208, 209.

her compensatory damages claim clear to the EEOC, she did not notify her employer of her tort claim for emotional distress or expectation of monetary compensation, who had the burden or performing the initial investigation and addressing her claim.  As we noted in *Fitzgerald*:

> The employee bears the initial burden of notifying [the] employing agency of the specific relief sought, and here again we emphasize that a complainant may only receive relief for that which [s]he asks. Indeed, it would be contrary to the purpose of the exhaustion requirement to allow a claimant to pursue a claim in district court that she failed to raise during the administrative investigation. The exhaustion doctrine requires a good faith effort by the aggrieved employee to provide all relevant and available information to the investigating agency.

*Id.* at 208 (citation omitted).

We conclude that the district court did not err in granting the Corps' motion to dismiss, for Mrs. Holloway's failure to exhaust administrative remedies before filing suit in federal court based on claims of employment discrimination.

AFFIRMED.