IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50071

Summary Calendar
_____


EVERARDO DUENAS, JR.

Plaintiff–Appellant

v.

WILLIAM J. HENDERSON, Postmaster General
United States Postal Services

Defendant–Appellee

_____

Appeal from the United States District Court
for the Western District of Texas
No. SA-00-CA-069-EP

November 30, 2001

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

In district court, Plaintiff-Appellant Everardo Duenas, Jr.

asserted a disability discrimination claim against the United

States Postal Service under the Rehabilitation Act of 1973, 29

U.S.C. § 701 et seq..  Duenas appeals from the district court's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

grant of summary judgment in favor of Defendant-Appellee William J. Henderson, Postmaster General of the United States Postal Service. For the following reasons, we AFFIRM the judgment of the district court.

## I. Factual and Procedural History

Plaintiff-Appellant Everardo Duenas, Jr., a Gulf War veteran, wears a prosthesis for his left leg, which was amputated above the knee as a result of a combat injury. In 1996, Duenas began the process of applying for employment with the United States Postal Service ("the USPS"). Because he is a veteran, Duenas possessed preferential hiring status and was pre-selected for employment by the USPS. After pre-selection, the USPS requested that Duenas undergo a physical examination by a USPS-chosen doctor. After the examination, and on or about October 28, 1997, Duenas received a letter denying his application for employment based upon a finding that he was "medically unable" to perform the job.

On January 26, 1998, almost ninety days after receiving the letter denying him USPS employment, Duenas filed an Equal Employment Opportunity ("EEO") complaint alleging disability discrimination. On March, 31, 1998, the USPS issued a final decision rejecting Duenas's claim of discrimination on the sole

basis that his complaint was untimely.[1]  Duenas appealed this decision to the Office of Federal Operations ("OFO") of the Equal Employment Opportunity Commission ("EEOC").  Ultimately, the OFO affirmed the final USPS decision and denied Duenas's request for reconsideration on the basis that Duenas's EEO complaint was untimely.

On June 12, 2000, Duenas filed a lawsuit in federal district court against Defendant-Appellee William J. Henderson, Postmaster General of the USPS ("the Postmaster General").  Duenas's petition alleged, among other things, disability discrimination in violation of the Rehabilitation Act of 1973.[2]  On August 17, 2000, the Postmaster General filed a motion to dismiss, or, in the alternative, for summary judgment arguing that all of Duenas's claims should be dismissed under Rules 12(b)(1)[3] or

---

[1]  This decision was based upon an EEOC regulation that provides:

> An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1) (1999).

[2]  Duenas also pled: (1) disability discrimination in violation of the Americans with Disabilities Act, (2) breach of contract, (3) negligence, (4) intentional infliction of emotional distress, (5) libel, defamation, and slander, and (6) negligent investigation.

[3]  A Rule 12(b)(1) motion asserts the defense of "lack of jurisdiction over the subject matter" of a claim.  FED. R. CIV. P. 12(b)(1).

12(b)(6),[4] or, in the alternative, for summary judgment under Rule 56.[5] With respect to Duenas's Rehabilitation Act claim, the Postmaster General argued that because Duenas failed to timely exhaust his administrative remedies, dismissal or summary judgment was proper. Duenas responded to this motion on November 6.[6] On November 20, the district court issued an Order and Judgment granting Defendant's motion to dismiss, or, in the alternative, for summary judgment on the grounds that Duenas did not timely and properly exhaust his administrative remedies. The Order does not specify whether the judgment is a Rule 56 summary judgment or Rule 12(b) dismissal. Duenas timely appealed.

For several reasons, we view the district court's judgment as a summary judgment for the Postmaster General rather than as a Rule 12(b)(6) dismissal.[7] First, the language of Rule 12(b)

---

[4] A Rule 12(b)(6) motion asserts the defense of "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

[5] Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

[6] This response addressed the issues presented by Duenas's Rehabilitation Act claim but failed to address any of Duenas's six other claims asserted in the Original Petition. In his brief before this court, Duenas states that he "conceded to the points raised in Defendant's [motion to dismiss] as to the other causes of action." Thus, we need not address them.

[7] In the context of Duenas's Rehabilitation Act claim, we can assume that the district court's judgment was not a Rule

requires the district court to treat the Postmaster General's motion as a motion for summary judgment if matters outside the pleadings are considered.  Rule 12(b) states:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FED. R. CIV. P. 12(b).  In support of its motion, the Postmaster General produced substantial evidence, including an affidavit, the October letter to Duenas denying him USPS employment, Duenas's pre-complaint counseling request, Duenas's EEO complaint, and all documents tracking Duenas's EEO complaint through the EEOC process.  In such situations, Rule 12(b) mandates that "the motion shall be treated as one for summary judgment," rather than as one for dismissal under Rule 12(b)(6), unless the extra-pleading material is excluded by the district court.  Nothing in the record suggests that the district court in

---

12(b)(1) dismissal for lack of subject matter jurisdiction because the failure to timely exhaust administrative remedies does not deprive the court of subject matter jurisdiction.  See Henderson v. U.S. Veterans Admin., 790 F.2d 436, 439-40 (5th Cir. 1986) (holding that in the context of a Title VII claim, the failure to file an EEO complaint before the thirty-day time limit does not deprive the court of subject matter jurisdiction).

5

this case excluded the extra-pleading material submitted by the Postmaster General.

Second, the comprehensive nature of the extra-pleading material suggests a summary judgment rather than a Rule 12(b)(6) dismissal.  When confronted with an ambiguous judgment similar to that of the district court in the instant case, this court has stated:

> Rule 12(b)(6) gives a district court "complete discretion to determine whether or not to accept any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion."  . . .  "When the extra-pleading material is comprehensive and will enable a rational determination of a summary judgment motion, the court is likely to accept it, [but] when it is scanty, incomplete, or inconclusive, the court will probably reject it."

Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 193 n.3 (5th Cir. 1988) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1969)).  Because the extra-pleading material submitted by the Postmaster General in support of the motion was comprehensive, the district court probably accepted that material and considered it when entering its judgment.

Third, Duenas had ample notice that the district court could treat the Postmaster General's motion as a motion for summary judgment rather than as a motion for dismissal.  Once the motion was filed, it was apparent that the Postmaster General submitted material outside the pleadings in support of the motion.  Duenas

6

had plenty of time to respond to the motion and accompanying evidence and to submit his own summary judgment evidence for consideration. See Isquith, 847 F.2d at 196 (holding that the plaintiffs had sufficient notice of possible summary judgment because the defendants submitted extra-pleading material in support of a motion and because the plaintiffs had ample time to respond to that material). For these reasons, we view the district court's judgment as a summary judgment for the Postmaster General rather than a Rule 12(b)(6) dismissal.

## II. Summary Judgment Standard of Review

We review a grant of summary judgment de novo, applying the same standards as the district court. Chaney v. New Orleans Pub. Facility Mgmt., Inc., 179 F.3d 164, 167 (5th Cir. 1999). Summary judgment is proper when "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). While we view the evidence in a light most favorable to the non-movant, Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997), in order to avoid summary judgment, the non-movant must go beyond the pleadings and his own affidavits and come forward with specific facts indicating a genuine issue for trial, Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the evidence is such that a reasonable jury could return a verdict for the non-

movant, there is a genuine issue of material fact.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  Accordingly, if the non-movant fails to establish facts in support of an essential element of his claim, summary judgment is appropriate.  <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23.

### III.  Duenas's Rehabilitation Act Claim

Duenas must timely exhaust his administrative remedies before he can file suit against the USPS in district court.  <u>See</u> <u>Fitzgerald v. Sec'y of the U.S. Dep't of Veterans Affairs</u>, 121 F.3d 203, 206 (5th Cir. 1997).  As part of the administrative process, EEOC regulations require an aggrieved person to file an EEO complaint within forty-five days of the allegedly discriminatory personnel action.  <u>See</u> 29 C.F.R. § 1614.105(a)(1).[8]  To mitigate the effect of this short time limit, EEOC regulations provide for mandatory equitable tolling of the forty-five-day time limit in certain circumstances:

> The agency or the Commission shall extend the 45-day time limit . . . when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been (sic) known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for

---

[8]  <u>See</u> <u>supra</u> note 1 for the full text of 29 C.F.R. § 1614.105(a)(1).

8

> other reasons considered sufficient by the
> agency or the Commission.

29 C.F.R. § 1614.105(a)(2) (1999).  The burden is on Duenas to show that circumstances warrant equitable tolling.

In this case, both parties agree that Duenas's EEO complaint was filed well after the forty-five-day time limit.  The Postmaster General argues that this fact makes Duenas's EEO complaint untimely.  Duenas counters that because he was not notified of the time limit and was not otherwise aware of it, the regulations mandate equitable tolling.  Accordingly, the issue presented in this case is whether Duenas established a genuine issue of material fact with respect to his lack of knowledge of the forty-five-day time limit.

To defeat the Postmaster General's motion for summary judgment, Duenas must support his assertion of lack of knowledge with "specific, non-conclusory affidavits or other competent summary judgment evidence."  Reese v. Anderson, 926 F.2d 494, 498 (5th Cir. 1991).  "[U]nsupported assertions are insufficient" to ward off summary judgment when the defendant produces proper summary judgment evidence.  Lewisville Properties, Inc. v. Cauble, 849 F.2d 946, 951 (5th Cir. 1988).  In this case, the Postmaster General supports its motion for summary judgment with comprehensive evidence showing that Duenas filed his EEO complaint outside of the forty-five-day time limit.  In his response to the Postmaster General's motion, Duenas merely

asserts a lack of knowledge of the time limit; he fails to present any evidence to support his claim for equitable tolling. Because he failed to come forward with specific facts indicating a genuine issue for trial, Duenas cannot avoid summary judgment in favor of the Postmaster General. See Celotex, 477 U.S. at 324.

## IV. Conclusion

For all the foregoing reasons, we find that the district court properly granted summary judgment for the Postmaster General. Duenas fails to raise any genuine issue of material fact concerning his disability discrimination claim.

AFFIRMED.