IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-11592
_____


DONNELL LINTHECOME,

Plaintiff-Appellant,

versus

PAUL O'NEILL, Secretary, Department of the Treasury,

Defendant-Appellee.

----------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:00-CV-1172-P)
----------------------
June 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Donnell Linthecome appeals the district court's dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), of plaintiff's action grounded in allegations of sex, race, and age discrimination in the failure of the Internal Revenue Service to grant him a promotion. For the first time on appeal, plaintiff asserts a claim of retaliation. We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. FACTS AND PROCEEDINGS

A week after learning in June, 1996, that he had not been selected for promotion, plaintiff filed a formal grievance pursuant to provision of the Collective Bargaining Agreement ("CBA") between his union and the IRS. One week later, plaintiff filed an informal complaint with the Equal Employment Opportunity office ("EEO") of the Department of the Treasury ascribing race, sex, and age discrimination to his non-promotion. And less than a week after that, he was interviewed by an EEO counselor and advised that he could pursue his discrimination claim through the grievance procedures of the CBA or he could pursue his claim through the discrimination complaint procedures of the Treasury's EEO office, but not both. Plaintiff signed a checklist containing the same explanation.

Plaintiff continued to press his CBA grievance until October 15, 1996, when his grievance was ruled on adversely. Even though both the CBA and the EEOC regulations required plaintiff to appeal that decision to an arbitrator and thereafter to the EEOC, he failed to do so, taking no further steps in connection with it. Instead, he filed a formal complaint with the Treasury Department's EEO approximately nine days after denial of his CBA grievance.

About two weeks later, on November 6, 1996, plaintiff was notified that his EEO complaint had been dismissed because he had previously elected the grievance procedure of the CBA and could not

pursue both routes, only one or the other. In September of the following year, the EEOC ruled that plaintiff's EEO complaint had been dismissed properly, given his election to pursue the CBA grievance route. His reconsideration request was denied the following March.

Undeterred, the plaintiff filed the instant lawsuit in the district court. The defendant filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of jurisdiction, grounded in the plaintiff's failure to exhaust administrative remedies, i.e., his failure to appeal to an arbitrator, and thereafter to the EEOC, following the rejection of his CBA grievance on October 15, 1996. In a painstakingly careful Memorandum Opinion and Order filed November 13, 2001, the district court fully explained the plaintiff's failure to exhaust administrative remedies and granted the defendant's motion to dismiss. In so doing, the court rejected the plaintiff's contention that his written grievance in the CBA in June 1996 was not an election to proceed that way in lieu of the EEO track because he (the plaintiff) did not raise the issue of discrimination in that grievance. Citing Brown v. General Services Administration, 425 U.S. 820, 835 (1976), Fitzgerald v. Secretary U.S. Dept. of Veterans Affairs, 121 F.3d 203, 206 (5th Cir. 1997), and 42 U.S.C. § 2000e-16(c), the court dismissed plaintiff's action as barred for failure to exhaust administrative procedures. Plaintiff then timely filed a notice of appeal.

3

**II. ANALYSIS**

A.  Standard of Review

     We review <u>de novo</u> the district court's dismissal for lack of subject matter jurisdiction.[1]  To the extent factual determinations are made by the district court in considering motions to dismiss, we review for clear error.[2]

B.  Retaliation

     Nowhere in his district court filings did the plaintiff raise a claim of retaliation for having filed employment discrimination charges against his employer.  This was raised for the first time on appeal.  As a court of error, we will not consider issues that were not before the trial court.[3]

C.  Sex, Race, Age Discrimination:  Failure to Exhaust

     There can be no question but that the district court relied on the applicable law, 5 U.S.C. § 7121(d), for the proposition that an employee cannot file an EEO complaint on the same matter that was the subject of an earlier grievance under a CBA, or vice versa:

> An aggrieved employee who files a grievance with an agency whose negotiated agreement permits the acceptance of grievances which allege discrimination may not thereafter file a complaint on the same matter under this part 1614 irrespective of whether the agency has informed the individual of the need to elect or whether  the

---

[1]  <u>Williamson v. Tucker</u>, 645 F.2d 404, 413 (5th Cir. 1981).

[2]  <u>Id.</u>

[3]  <u>Emory v. Texas State Board of Medical Examiners</u>, 748 F.2d 1023 (5th Cir. 1984).

4

grievance has raised an issue of discrimination. Any such complaint filed after a grievance has been filed on the same matter shall be dismissed.[4]

The district court rejected as unmeritorious the plaintiff's assertion that, because he had not mentioned age, sex, or race in his formal CBA grievance of June 15, 1996, he could not be held to having made an election to go that route and forever abandon an opportunity to pursue discrimination through an EEO complaint. Such a contention is belied by plaintiff's informal EEO complaint, filed a mere one week later, in which he expressly alleged sex, race, and age discrimination for the self-same non-promotion.

Equally unmeritorious is the plaintiff's continued assertion that he is not prevented from pursuing his discrimination claims in this lawsuit for failing to pursue administrative procedures of appealing to an arbitrator and eventually to the EEOC once his grievance was rejected on October 15, 1996. The plaintiff's assertions on appeal, ascribing errors of law to the district court, are unavailing. There is nothing in the record to support the plaintiff's contention that he was not aware of the facts of discrimination when he filed his initial grievance or that he was not, or did not become, aware of the discrimination he alleged until months later when he filed his formal EEO complaint. As noted, he indicated discrimination as the cause of his non-promotion as early as his informal complaint of June 21, 1996.

---

[4] 29 CFR 1614.301(a) (1999).

5

In sum, the district court's careful and exhaustive opinion lays out for the plaintiff (and all others) exactly and correctly why his action must be dismissed.  The reasons thus expressed by the district court satisfy us that the plaintiff's complaints of race, sex, and age discrimination in his non-promotion were properly dismissed; and for the reasons above stated we will not consider his claim of retaliation, which he raised for the first time on appeal.

### III. <u>CONCLUSION</u>

For the reasons set forth above and in the opinion of the district court, the judgment appealed from is, in all respects, AFFIRMED.