**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-41100**
**Summary Calendar**
_____

**WAYNE C. McCONLEY,**

**Plaintiff-Appellant,**

**versus**

**THOMAS E. WHITE,**

**Defendant-Appellee.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(C-02-CV-7)**

February 18, 2003

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Wayne C. McConley, an African-American, appeals the dismissal
and summary judgment of this Title VII employment discrimination
and retaliation action.  McConley is a grade 13 Aircraft
Maintenance Division Chief in the Maintenance Directorate of the
Corpus Christi Army Depot.  McConley claims he was discriminated
against when his supervisor, Jerry New, was promoted to grade 15,
and a grade 14 white male from a different division, Peter

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Epperson, filled a temporary Deputy Director position. McConley also asserts these decisions were in retaliation for a successful employment discrimination action he brought in 1994.

A Fed. R. Civ. Proc. 12(b)(6) dismissal is reviewed *de novo*. *Haynes v. Prudential Health Care*, 313 F.3d 330, 333 (5th Cir. 2002). The complaint must be liberally construed and a dismissal will only be upheld when no set of facts would entitle plaintiff to relief. *Id.* A summary judgment is reviewed *de novo*. *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002). A summary judgment is appropriate when there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Id.*

The district court dismissed, as not administratively exhausted, McConley's claim that New's promotion acted as a *de facto* demotion and, in itself, constituted discrimination. Exhaustion of administrative remedies is a prerequisite to bringing a Title VII suit in the federal courts. *Fitzgerald v. Secretary, U.S. Dept. of Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). We agree with the district court. While McConley filed an EEOC complaint regarding Epperson's placement, he did not do so regarding New's promotion to Grade 15.

The district court also dismissed McConley's claim for emotional and mental injuries. In order to recover such injuries, the employee must notify his employer of the specific relief

2

sought. *Id.* at 208. Damages do not need to be described in a legal or technical manner, but, still, must describe particular facts on which emotional or mental injuries are based. *West v. Gibson*, 527 U.S. 212, 217 (1999). McConley asserts his references, in a statement attached to his complaint, to New's "plantation mentality" and his being "oppressed" provided proper notice. These statements, however, did not allege *particular facts*, which "might warrant an offer of compensatory damages". *Fitzgerald*, 121 F.3d at 209.

Finally, the district court granted summary judgment on McConley's discrimination and retaliation claims for back pay and declaratory relief. A prima facie discrimination claim requires McConley to show: (1) he is a member of a protected group; (2) he was qualified for the position at issue; (3) the employer took an adverse employment action despite the plaintiff's qualifications; and (4) the plaintiff was replaced by someone not a member of the protected group or others similar-situated to the plaintiff were more favorably treated. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). A prima facie retaliation claim requires: (1) the employee participated in activity protected by Title VII; (2) an adverse employment action occurred; and (3) that a casual connection exists between the protected activity and the adverse employment action. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir.), *cert. denied*, 522 U.S. 932 (1997).

3

An adverse employment action is an "ultimate employment decision" including acts "such as hiring, granting leave, discharging, promoting, and compensating". *Id.* at 707. Other interlocutory or mediate decisions, which lack consequences, are not actionable. *See Walker v. Thompson*, 214 F.3d 615, 629 (5th Cir. 2000); *Mattern*, 104 F.3d at 708.

McConley asserts he was overlooked for the Grade 14 position because of his race and in retaliation for the complaint he previously brought against New. Because New's position is now Grade 15 and because McConley was not promoted and placed in Epperson's provisional position, he claims his promotional path is effectively "blocked". The position Epperson filled, however, was temporary, never meant for a civilian, and ultimately eliminated. McConley has failed to show any adverse consequences from not being placed in the position; his pay, benefits, and level of responsibility have remained the same, and he still has the opportunity for promotion, though he may have to look outside the installation. These actions do not "rise above having mere tangential effect on a possible future ultimate employment decision". *Mattern*, 104 F.3d at 708.

*AFFIRMED*

4