United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 19, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 03-50769
Summary Calendar

———————————————

RUBEN LUNA,

Plaintiff-Appellant,

versus

JAMES D. ROCHE,

Defendant-Appellee.

———————————————————————————

Appeal from the United States District Court
for the Western District of Texas, San Antonio Division
(SA-02-CV-298)

———————————————————————————

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

I.  Facts and Proceedings

Appellant Ruben Luna ("Luna") was employed with the United States Air Force from 1980

———————————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

until 1992 as an Air Conditioning Equipment Mechanic on the Kelly Air Force Base in Texas. His employment was terminated on October 23, 1992 after he took an excessive amount of unscheduled leave. While on leave, Luna was diagnosed as a schizophrenic. He appealed his discharge to the Merit Systems Protection Board ("MSPB").

Luna subsequently entered into a negotiated settlement agreement with the Air Force.[1] The agreement provided that Luna would withdraw his appeal to the MSPB, and, in exchange, the Air Force would classify his termination as related to disability rather than excessive absenteeism. The Air Force also agreed to help Luna obtain disability retirement benefits through the Office of Personnel Management ("OPM").

The OPM granted Luna's application for disability retirement benefits on December 15, 1992. On January 28, 1999, the OPM terminated Luna's benefits after he failed to produce evidence that his mental disorder was still disabling.

On May 5, 1999, Luna filed an Equal Employment Opportunity ("EEO") complaint against James D. Roche ("Roche"), Secretary of the Air Force. The complaint alleged that the Air Force breached the 1992 settlement agreement by unlawfully terminating his disability benefits. An EEO counselor advised Luna, by letter dated June 23, 1999, that the EEO lacked jurisdiction over his complaint. As a result, Luna petitioned the MSPB to enforce the 1992 settlement agreement. An MSPB administrative judge dismissed Luna's petition as untimely, and the MSPB denied Luna's request for review. Luna then filed a second EEO complaint against Roche on August 10, 1999,

---

[1] It is unclear whether Luna was represented by counsel. He characterizes his representative, David Howard, as a "chartered peacemaker."

alleging that the Air Force had failed to accommodate his mental disability back in 1992. This second complaint was dismissed as untimely on November 15, 1999.

Luna then sued Roche in federal district court on the grounds that the Air Force had engaged in discriminatory employment practices, and had fraudulently induced him to enter a settlement agreement. Roche moved to dismiss, or, in the alternative, for summary judgment. The district court dismissed the complaint upon the magistrate judge's recommendation. Luna timely appeals.

## II. Standard of Review

We review a district court's dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure *de novo*. *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003). In deciding a Rule 12(b)(6) motion, we accept all factual allegations made by the plaintiff as true and resolve any doubts about the sufficiency of the evidence in his favor. *Id.* (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)).

## III. Analysis

Luna contends that the Air Force discriminated against him by terminating his employment in 1992, and by terminating his disability benefits in 1999. Luna's discrimination claims are brought pursuant to: (1) Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; (2) the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621; (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101; (4) the Equal Pay Act, 29 U.S.C. § 206(d); (5) the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794(a); and (6) 42 U.S.C. §§ 1981, 1983. Luna further asserts that the Air Force fraudulently induced him to enter into the 1992

3

settlement agreement.[2]

A.    Discrimination Claims Involving Luna's Terminated Employment

Luna first argues that the Air Force discriminated against him when it terminated his employment in 1992. As a prerequisite to filing an employment discrimination suit in district court, a plaintiff is required to timely exhaust his administrative remedies with the federal agency that he believes has discriminated against him. *See Fitzgerald v. Sec., U.S. Dept. Veterans Affairs*, 121 F.3d 203, 206 (5th Cir. 1997). Title 29 C.F.R. § 1614.05(a) requires that a federal employee who believes he has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap contact an EEO counselor within 45 days of the discriminatory act or the effective date of the personnel action. If the employee fails to do so, his claim is barred. *See Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002).[3] Moreover, claims under 42 U.S.C. §§ 1981 and 1983 must be filed within two years of the alleged unlawful event. *See Meadowbriar Home for Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 533 n.10 (5th Cir. 1996).

Luna's employment was terminated in 1992. Because he did not complain to an EEO counselor, or pursue a claim under §§ 1981 or 1983, until 1999, his discrimination claims involving his terminated employment are untimely.

---

[2] Luna also seems to claim that a district court erred by denying his motion to appoint counsel during a proceeding in 1994. Luna's appeal of that decision is untimely. *See* FED. R. APP. P. 4(a)(1)(B) (requiring that notices of appeal be filed within 60 days after a district court's final judgment).

[3] The ADEA, however, permits an employee to bypass this administrative requirement if he provides notice to an EEO counselor of his intent to sue within 180 days of the alleged discriminatory incident. 29 U.S.C. § 633a(d).

B.	Discrimination Claims Involving Luna's Terminated Disability Retirement Benefits

Luna next argues that the Air Force discriminated against him when it terminated his disability retirement benefits in 1999. The employment discrimination claims raised by Luna require the existence of an employer-employee relationship. *See* 42 U.S.C. § 2000e-16 (Title VII); 29 U.S.C. § 623(a) (ADEA); 29 U.S.C. § 794 (Rehabilitation Act); 29 U.S.C. § 206(d) (Equal Pay Act).[4] Luna was neither an employee of the Air Force, nor an applicant for employment with the Air Force, when his disability retirement benefits were terminated in 1999. Luna lacked standing to pursue his discrimination claims involving his terminated benefits.

C.	Fraudulent Inducement Claim Involving the 1992 Settlement Agreement

Luna next argues that the Air Force fraudulently induced him into signing a settlement agreement in 1992 in order to avoid its responsibilities under the Rehabilitation Act. 29 U.S.C. § 794(a). The Rehabilitation Act prohibits federal employers from terminating disabled persons who are "otherwise qualified." *Id.* A person is "otherwise qualified" if he can perform the essential functions of his job with no more than a reasonable accommodation. 29 U.S.C. § 794(d); 42 U.S.C. § 12111(9)(B).

It is highly doubtful that Luna could have continued to perform his functions as a mechanic with a mere "reasonable accommodation" by the Air Force. For instance, during Luna's period of leave, he was diagnosed by his physician as "totally and permanently disabled." Assuming *arguendo* that the Air Force was motivated to negotiate with Luna due to its potential liability under the

---

[4] The ADA does not apply to the federal government. 42 U.S.C. § 12111(5)(B). Moreover, Luna failed to contest the magistrate's recommendation that he lacks standing to pursue his §§ 1981 and 1983 claims involving his terminated benefits.

Rehabilitation Act, Luna nonetheless fails to present any evidence that the Air Force made a single fraudulent representation during the negotiations. Luna's claim that the Air Force fraudulently induced him to enter a settlement agreement is baseless.

## IV. Conclusion

For the reasons stated above, the judgment of the district court is AFFIRMED.